

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
ATTORNEY GENERAL

August 20, 1974

The Honorable Franklin L. Smith
Nueces County Attorney
Nueces County Courthouse
Corpus Christi, Texas 78401

Opinion No. H- 373

Re: Notice requirement of
the Open Meetings Law
(Art. 6252-17, V. T. C. S.)

Dear Mr. Smith:

Section 3A, Article 6252-17, Vernon's Texas Civil Statutes, as amended in 1973 (Acts 1973, 63rd Leg., ch. 31, p.47), the Open Meetings Law, requires that written notice of each meeting held by a governmental body be posted at least 72 hours preceding the day of the meeting, except under certain emergency conditions.

You have asked our interpretation of this provision and, in your brief, suggest that the notice provisions were enacted to prescribe a method of effectively giving the public actual notice of meetings. You concluded that the requirement of 72 hours notice required that those hours should elapse during working days and not on a Saturday, a Sunday or a legal holiday.

Section 1 of the amended law defines it terms. Section 2 defines its scope. Section 3 authorizes enforcement by mandamus or injunction. Section 3A, with which your question is concerned, reads:

> Sec. 3A. (a) Written notice of the date, hour, place, and subject of each meeting held by a governmental body shall be given before the meeting as prescribed by this section.
>
> (b) A State governmental body shall furnish notice to the Secretary of State, who shall then post the notice on a bulletin board to be located in the main office of the Secretary of State at a place convenient to the public.

(c)  A city governmental body shall have a notice posted on a bulletin board to be located at a place convenient to the public in the city hall.

(d)  A county governmental body shall have a notice posted on a bulletin board located at a place convenient to the public in the county courthouse.

(e)  A school district shall have a notice posted on a bulletin board located at a place convenient to the public in its central administrative office and, in addition, shall either furnish a notice to the county clerk in the county in which most, if not all, of the school district's pupils reside or shall give notice by telephone or telegraph to any news media requesting such notice and consenting to pay any and all expenses incurred by the school district in providing special notice.

(f)  A governmental body of a water district or other district or political subdivision covering all or part of four or more counties shall have a notice posted at a place convenient to the public in its administrative office, and shall also furnish the notice to the Secretary of State, who shall then post the notice on a bulletin board located in the main office of the Secretary of State at a place convenient to the public; and it shall also furnish the notice to the county clerk of the county in which the administrative office of the district of political subdivision is located, who shall then post the notice on a bulletin board located at a place convenient to the public in the county courthouse.

(g)  The governing body of a water district, other district, or other political subdivision, except a district or political subdivision described in Subsection (f) of this section, shall have a notice posted at a place convenient to the public in its administrative office, and shall also furnish the notice to the county clerk or clerks of the county or counties in which the district or political subdivision is located.  The county clerk shall then post the notice on a bulletin board located at a place convenient to the public in the county courthouse.

> (h)  Notice of a meeting must be posted for at
> least 72 hours preceding the day of the meeting, except
> that in case of emergency or urgent public necessity,
> which shall be expressed in the notice, it shall be
> sufficient if notice is posted two hours before the meeting
> is convened.  In the event of an emergency meeting, the
> presiding officer or the member calling such meeting
> shall, if request therefore containing all pertinent
> information has previously been filed at the headquarters
> of the governmental body, give notice by telephone or
> telegraph to any news media requesting such notice and
> consenting to pay any and all expenses incurred by the
> governmental body in providing such special notice.
> The notice provisions for legislative committee meetings
> shall be as provided by the rules of the house and senate.

In construing this language, of course, it is our obligation to attempt to determine the legislative intent.  Article 10, V. T. C. S.  We cannot ascribe to the Legislature an intention to write a meaningless statute.  Therefore, like you, we conclude it was the intention of the Legislature that the public be given at least 72 hours _effective_ notice prior to the holding of a meeting covered by the law.  Certainly this cannot be achieved by posting notice inside a building which is locked over a week-end or holiday.

Were we at liberty to freely interpret the notice requirement we would be inclined to put the greatest emphasis on its requirement that the posting be at a place convenient to the public, and that it be accessible to the public for the full 72 hours even though some of them might fall on a Saturday, Sunday or Holiday.

However, the Amarillo Court of Civil Appeals has held that public accessibility or convenience is not determinative.  In Lipscomb Independent School District v. County School Trustees, 498 S. W. 2d 364 (Tex. Civ. App., Amarillo 1973, writ ref'd., n. r. e.), the Court citing Toyah Independent School District v. Pecos-Barstow Independent School District, 466 S. W. 2d 377 (Tex. Civ. App., San Antonio 1971, no writ) to the effect that the terms of Article 6252-17 are mandatory and that at least substantial compliance with its provisions is required, held that, even though the notice was locked inside the courthouse from Friday afternoon until Monday morning and was unavailable to the public:

> . . . The statute requires the notice to be posted at a
> convenient place <u>in the courthouse</u> (court's emphasis)
> at least three days prior to the meeting, but makes no
> requirement that such notice be accessible to the public
> at all times during that three day period, nor does the
> statute exclude Saturdays and Sundays from such three
> day time period requirement.   There is <u>no evidence</u>
> <u>that the trustees had any intent to keep such meeting</u>
> <u>closed</u> to the public.   There is <u>no evidence that any-</u>
> <u>one who desired to attend the meeting failed to attend,</u>
> <u>nor is there any evidence that anyone who desired to</u>
> <u>attend was denied admittance.</u>   Mr. Don Beard, one
> of the appellants, admits in a sworn deposition that he
> was present at the May 26 meeting.   Mr. Carl Hanshu,
> a county school trustee, testified by sworn deposition
> that not only was Mr. Beard present at the May 26
> meeting, but that he had an opportunity to speak and
> otherwise participate in the discussion, but failed to
> do so.   After a careful review of the record, it be-
> comes apparent the situation upon which the holding
> in the <u>Toyah</u> case was based is not applicable here
> and there is sufficient evidence to support a <u>finding</u>
> <u>that the county school trustees substantially complied</u>
> <u>with the provisions of Art. 6252-17.</u>   Appellant's first
> four points are overruled.   (Emphasis added) 498 S.W.2d
> at 366.

The application for writ of error filed in the <u>Lipscomb</u> case made no
mention of Article 6252-17 and asserted no error in the interpretation of it
by the Court of Civil Appeals.   The notation by the Supreme Court that the
application was "Refused, No Reversible Error" was the Court's indication
that, while it was not satisfied that the opinion of the Court of Civil Appeals
in all respects had correctly declared the law, the application presented no
error requiring reversal.   Rule 483, Texas Rules of Civil Procedure.

The <u>Lipscomb</u> Court stressed the statutory language of Section 3A
requiring that notice be posted <u>in</u> the county courthouse and ignored lang-
uage requiring that it be at a place convenient to the public.   We believe it

erred and would predict that, when the Supreme Court passes squarely on the question, it will hold that the public is entitled to effective notice for the full statutory period, either by requiring that notice be posted at a place accessible to the public or that periods when it is unaccessible not be counted.

However, our function is advisory only and at this time we cannot ignore the clear holding in Lipscomb that the statute does not unalterably exclude Saturdays, Sundays, legal holidays, and other days on which the posted notice is hidden from public view from being counted in determining compliance with Article 6252-17, V. T. C. S. We are unable to discern from a reading of Lipscomb how much significance the court attached to the absence of evidence that anyone desiring to attend the meeting failed to attend or was denied admittance or that the trustees intentionally kept the meeting closed. For the present, the rule established by Lipscomb is one requiring substantial compliance with the notice requirement considering all the relevant facts and circumstances.

Lipscomb was decided under the statute prior to its amendment in 1973. At that time, it only required notice "for at least the three days preceding the day of meeting." In our opinion the 1973 amendments, requiring notice of 72 hours, do no more than to make certain that the three days are three full days before the day of the meeting.

## S U M M A R Y

Judicial precedent, which we may not ignore, has established that the notice requirement of Article 6252-17, the Open Meetings Law, may be satisfied by substantial compliance including the posting of notice in a courthouse closed for a week-end or holiday, if there is no evidence that anyone was denied an opportunity to attend. The better practice, in our opinion, and the practice that probably will best reflect the legislative intent if the matter is ever squarely presented to the Supreme Court is to provide the public effective

notice for the full statutory period, either by requiring that notice be posted at a place accessible to the public or that periods when it is inaccessible not be counted.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee