466 S.W.2d 377 (1971)
TOYAH INDEPENDENT SCHOOL DISTRICT et al., Appellants,
v.
PECOS-BARSTOW INDEPENDENT SCHOOL DISTRICT et al., Appellees.
No. 14850.
Court of Civil Appeals of Texas, San Antonio.
April 21, 1971.
Max E. Ramsey, Andrews, A. R. Archer, Jr., Monahans, Clark, Thomas, Harris, Denius & Winters, Franklin W. Denius, Mary Joe Carroll, Austin, for appellants.
John F. Tomlin, J. M. Preston, H. D. Glover, Roddy L. Harrison, W. F. Leigh, Pecos, for appellees.
CADENA, Justice.
Appellants, Toyah Independent School District and members of its board of trustees (Toyah) filed suit to enjoin enforcement of an order adopted by appellee, Board of School Trustees of Reeves County (Reeves Board), annexing Toyah Independent School District to appellee, Pecos-Barstow Independent School District (Pecos). This appeal is from the judgment of the district court, rendered after the case had been withdrawn from the jury, denying injunctive relief and declaring the annexation order, adopted March 5, 1969, valid.
Toyah insists that the annexation order is subject to judicial invalidation because it was adopted at a meeting of the Reeves Board from which the public was excluded, in violation of our Open Meeting Law, Article 6252-17, Vernon's Annotated Civil Statutes. The statute requires that, with certain exceptions not here applicable, all meetings of governmental bodies, including county boards of school trustees, shall be open to the public.
The meeting of the Reeves Board on March 5, 1969, at which the annexation *378 order was adopted, was not held in conformity with the statutory mandate.[1]
The critical question is whether the failure of the Reeves Board to comply with the provisions, conceded by appellees to be mandatory, of the Open Meeting Law renders the action taken at such illegal meeting voidable in subsequent court proceedings initiated by persons adversely affected by such action.
Open meeting legislation has taken three forms in the several states. In some states, such as Florida (F.S.A. Sec. 286.011), the statute expressly declares that action taken behind closed doors is invalid. In such states, of course, there is no problem concerning the validity of measures adopted in executive session. The second type of statute, such as the North Dakota legislation (N.D.C.C. Sec. 40-06-02) merely requires that meetings be open to the public without imposing sanctions for violation of the statute or prescribing methods by which a citizen can enforce his right to be present. Under such statutes, it is generally held that action taken at a meeting from which the public has been excluded may be held invalid by a court. Hamrick v. Town of Albertville, 219 Ala. 465, 122 So. 448 (1929); Town of Paradise Valley v. Acker, 100 Ariz. 62, 411 P.2d 168 (1966); Green v. Beste, 76 N.W.2d 165 (N.D.1956). The third type of statute imposes sanctions for its violation, but is silent concerning the validity of action taken at closed meetings. The Texas statute falls into this category, since, in addition to providing that a citizen may enjoin the holding of closed meetings or may compel the admission of the public to meetings of governmental bodies by mandamus, it imposes criminal liability on members of governmental bodies who knowingly participate in the holding of a meeting from which the public is excluded, but contains no language relating to the validity of action taken at such meeting.
Where, as in Texas, the legislature has prescribed sanctions for violations of the open meeting statute, but has not provided for subsequent judicial invalidation of action taken behind closed doors, the decisions, of which there are apparently only two, have reached contradictory results. A California intermediate appellate court has concluded that an aggrieved person is *379 not entitled to declaratory or injunctive relief where the sanctions imposed for violation of the statute did not include judicial invalidation of the action taken. Adler v. City Council of the City of Culver City, 184 Cal.2d 763, 7 Cal.Rptr. 805 (Dist.Ct. App., 1960). On the other hand, the Supreme Court of Pennsylvania has declared that the remedies prescribed by the statute are not exclusive, and that a person aggrieved by action taken at the illegal meeting is entitled to judicial relief against enforcement of the measure. Bogert v. Allentown Housing Authority, 426 Pa. 151, 231 A.2d 147 (1967).
The basic disagreement between the Pennsylvania and California courts, and between appellants and appellees here, concerns the application of the canon of statutory construction which declares that where a statute creating a new right[2] provides the remedy for its vindication, the statutory remedy is exclusive.
It is doubtful if a particular result can ever be persuasively explained by reference to a canon of statutory interpretation. Even the staunchest defender of these maxims can assign to them no function other than that of aids in determining the meaning of statutory language. Actually, the various rules and presumptions for assigning meaning to statutes are neither rules nor standards. They are no more than explanations of results reached by some other method, as is evidenced by the fact that for almost every interpretative situation there are two opposing canons.[3] A judicially undesirable result which seems to be compelled by the application of one canon can be avoided by resort to a diametrically opposed "rule."
In any event, it is difficult to justify reliance by a Texas court on the canon relied on by appellees. The maxim which limits the methods of enforcing a purely statutory right to the procedures specified in the statute creating the right is a reflection of the judicial attitude of hostility toward legislative interference with judge-made law which finds expression in the canon which seeks to protect the common law by declaring that statutes in derogation of the common law are to be given a restrictive interpretation.[4] We are not free to base the interpretation of a statute on the presumption that common law is a body of law superior to legislation. Article 10, Paragraph 8, Vernon's Annotated Civil Statutes, abrogates the "rule of the common law that statutes in derogation thereof shall be strictly construed" and directs Texas judges to construe liberally all statutes "with a view to effect their objects and to promote justice."[5] It is, therefore, impossible *380 to solve the problem before us by the mere incantation of an aphorism, as did the California court.
It must be remembered that the Reeves Board is but a political subdivision of the State of Texas. It is axiomatic that local governing bodies are entities and that the members can perform no valid act except as a body at meetings properly convened and conducted.[6] This general rule is applicable to the governing bodies of school districts. 3A Antieau, Local Government Law (Independent Local Government Entities) Sec. 30C.06, p. 30C-13 (1970).
Article 6252-17, supra, unambiguously prohibits the holding of closed meetings by governmental bodies unless the matter under consideration is one of the subjects which the statute permits to be considered and acted on in executive session. As applied to this case, since none of the statutory exceptions are applicable, the Reeves Board was authorized to act only at a meeting which was open to the public. It is an anomaly to say that a meeting, the holding of which is forbidden by law, is a legal meeting.
The effect of holding a statute to be mandatory, as appellees concede our Open Meeting Law to be, is to require at least substantial compliance with its provisions in order to uphold proceedings to which the statute is applicable. 3 Sutherland Statutory Construction Sec. 5815, p. 90 (3d ed. 1943). To say that the statute is mandatory and, at the same time, to insist that action taken is disregard of its mandatory provisions is insulated against challenge is to utter a contradiction.
A canon of construction is available to explain the conclusion that action taken at a meeting held in violation of the Open Meeting Law may be declared ineffectual in a subsequent judicial proceeding. "A law introducing a new regulation for the advancement of the public welfare or conducive to the public good is a remedial statute and should be liberally construed to effect its purpose." Board of Insurance Commissioners v. Great Southern Life Insurance Co., 150 Tex. 258, 239 S.W.2d 803, 807 (1951). The maxim that remedial statutes will be liberally construed to effect their purposes is at least consistent with the Article 10 mandate that all statutes are to be so construed.
In enacting Article 6252-17, the legislative purpose was that "of assuring that the public has the opportunity to be informed concerning the transactions of public business." Acts 1967, 60th Leg., ch. 271, p. 597, Sec. 7. Is this purpose effected by an interpretation which declares that action taken at an illegal meeting cannot be questioned? An affirmative answer to this question is not easily defended.
The judgment of the trial court is reversed and judgment is here rendered declaring that the order annexing Toyah Independent School District to Pecos-Barstow Independent School District, adopted by the Board of School Trustees of Reeves County at the illegal meeting held on March 5, 1969, is ineffectual.
NOTES
[1] In February, 1969, the Pecos Board requested the Reeves Board to annex the Toyah District to the Pecos District. The Reeves Board met to consider the request on February 20, 1969, the day after Toyah received a copy of such request. Toyah requested a delay of 30 days, and the Reeves Board then postponed consideration of the matter until March 5, 1969. Prior to that date, Toyah's superintendent informed the chairman of the Reeves Board that several Toyah residents were interested in attending the meeting, and requested that the meeting be held in a room larger than that in which the Reeves Board usually met. Several members of the Reeves Board discussed, apparently informally, the desirability of admitting the public to the meeting at which the annexation proposal would be considered. One member of the Reeves Board testified that they decided "it would serve no useful purpose" to admit the public to the meeting. When the March 5 meeting opened, the chairman of the Reeves Board announced that only the members of the boards of the Toyah and Pecos districts, with their attorneys, would be allowed to be present in the meeting room. All interested citizens who desired to be present at the meeting were excluded from the meeting room and were required to wait outside in the corridors. After presentation of arguments for and against annexation, all persons other than members of the Reeves Board were compelled to leave the meeting room. Members of the Reeves Board then discussed the matter and, still with all other persons excluded, voted in favor of the annexation proposal. The members of the Toyah and Pecos boards, with their attorneys, were then permitted to re-enter the meeting room and the chairman of the Reeves Board then announced that the annexation order had been adopted. At the trial, the chairman of the Revees Board declared that members of the Pecos and Toyah boards, with their attorneys, were ejected from the meeting room because the Reeves Board "didn't think it was any of" their "business about our deliberating."
[2] It is generally assumed that there is no common law right in the public to attend the meetings of governmental bodies. Cross, The People's Right to Know 180-82 (1933); Comment, 75 Harv.L.Rev. 1199, 1203 (1962).
[3] Witherspoon, Administrative Discretion to Determine Legislative Meaning: "The High Road," 35 Tex.L.Rev. 63, 79 (1956); Llewellyn, Remarks on the Theory of Appellate Decision and the Rules or Canons About How Statutes Are To Be Construed, 3 Vand.L.Rev. 395, 401-06 (1950).
[4] Thus, in Mingus, Receiver, v. Wadley, 115 Tex. 551, 285 S.W. 1084, 1087 (1926) Chief Justice Cureton prefaced his declaration that "where the cause of action and remedy for its enforcement are derived not from the common law but from the statute, the statutory provisions are * * * exclusive," with the observation: "This suit arises out of a workman's compenstion proceeding, and is therefore in derogation of common law."
[5] At the very least, it would appear that the statutory command would have the effect of depriving the Texas courts of a formula which otherwise would be available to justify a restrictive interpretation of a statute. But it has not uniformly achieved even this minimum result. There are cases where the statute has been ignored and a restrictive interpretation has been justified by reference to the legislatively condemned canon. City of Waco v. Roberts, 121 Tex. 217, 48 S.W.2d 577 (1932); Lone Star Finance Co. v. Universal Automobile Ins. Co., 28 S.W.2d 573 (Tex.Civ.App.Galveston 1930, no writ). In other cases it is difficult to determine whether the court is, in fact, giving effect to Article 10, supra. "[T]he guest statute * * * is in derogation of the common law and although the statute will be construed liberally to effect the purpose sought to be accomplished, it will be strictly construed in the determination of whether or not the passenger was a guest." Hickman v. Finlay, 392 S.W.2d 147, 149 (Tex.Civ. App.Austin, 1965, writ ref'd).
[6] In order to act effectively a municipal governing body must be duly assembled and act in the mode prescribed by law. Its powers can be exercised only at legal meetings of the governing body. 4 McQuillen, Municipal Corporations Sec. 13.07, pp. 482-83. To be effective, the acts of a county governing body must be done as a body and at a legally convened meeting. 4 Antieau, Local Government Law (County Law) Sec. 32.06, p. 40 (1966).