**Harlon W. HALL et al., Appellants,**

v.

**Gerald THOMAS, Trustee, et al., Appellees.**

**No. 8075.**

Court of Civil Appeals of Texas, Texarkana.

Nov. 9, 1971.

Rehearing Denied Dec. 7, 1971.

Cahill Hitt, Hitt & Pesek, Texarkana, for appellants.

Sidney Lee, New Boston, for appellees.

RAY, Justice.

Appellants (plaintiffs) brought this action to set aside the results of an election authorizing the Bowie County Common School District No. 6 (Simms) of Bowie County, Texas, to issue bonds in the amount of Two Hundred Thirty-five Thousand ($235,000.00) Dollars, and to raise taxes in order to retire such bonds. The case was tried before the District Court of Bowie County without the aid of a jury. After hearing the election contest, the trial court entered its judgment declaring that 241 qualified voters had cast their votes "for," authorizing the Commission-

er's Court of Bowie County, Texas, to issue bonds in the sum of Two Hundred Thirty-five Thousand ($235,000.00) Dollars for school building purposes, and that 231 voters registered their votes against the proposition.

Appellants raised two points of error in this court, stating that the trial court erred in entering judgment upholding the election because the election was void, or in the alternative, that it was voidable because of failure to comply with the requirements of Art. 6252–17, Vernon's Ann. Texas Revised Civil Statutes, the "open meeting" statute. The pertinent parts of Article 6252–17, Texas Revised Civil Statutes are as follows:

"Section 1.

(a) Except as otherwise provided in this Act, every regular, special, or called meeting or session of every governmental body shall be open to the public.

(b) A 'governmental body,' within the meaning of this Act, is any board, commission, department, or agency within the executive department of the state, which is under the direction of three or more elected or appointed members; and every Commissioner's Court and city council in the state, and every deliberative body having rule-making or quasi-judicial power and classified as a department, agency, or political subdivision of a county or city; and the board of trustees of every school district, and every county board of school trustees and county board of education; and the governing board of every special district heretofore or hereafter created by law.

"Section 3A.    (a) Written notice of the date, place, and subject of each meeting held by a governmental body shall be given before the meeting as prescribed by this section.

\*    \*    \*    \*    \*    \*

"(e) The governing body of a school district, water district, other district, or other political subdivision shall have a notice posted at a place convenient to the public in its administrative office, and shall also furnish the notice to the county clerk or clerks of the county or counties in which the district or political subdivision is located.  The county clerk shall then post the notice on a bulletin board located at a place convenient to the public in the county courthouse."

Under provisions of Secs. 22.01 and 22.08, Texas Education Code, (1969) V.A.T.S., a common school district is governed by a board of trustees under the general supervision of the county governing board.

■    Appellants rely upon the case of Toyah Independent School District v. Pecos-Barstow Independent School District, 466 S.W.2d 377 (Tex.Civ.App. San Antonio 1971), in which the San Antonio Court of Civil Appeals held that an order annexing Toyah Independent School District was invalid because it was adopted at a meeting that was not publicized in accordance with Article 6252–17, Texas Revised Civil Statutes.  We recognize that Art. 6252–17 is mandatory, but we fail to see its application to the question before this court.  The facts are undisputed that the board of trustees of Bowie County Common School District No. 6 (Simms) did not give notice of any meetings for the year 1970 relative to the calling of a bond issue election.  However, appellants have not shown, and the record does not reflect, that any meeting was ever held by the board of trustees of the district for the purpose of calling a bond issue election.  Neither have the appellants directed this court's attention to any statute which would require the board of trustees to call such an election.

■    The Texas Education Code, Sec. 20.04, formerly Article 2785, Revised Civil Statutes of Texas, provides that, "Each such election shall be called by resolution or order of such governing board or commissioner's court, which shall set forth the date of the election.  .  .  ."  An examination of chapt. 20, sub-chapter A of the Texas Education Code reveals that

only the Commissioner's Court can call a bond election for a common school district. Since no action was required of the board of trustees of the Bowie County Common School District No. 6 (Simms), the board could not be in violation of Art. 6252–17, Tex.Rev.Civ.Statutes, particularly since the record does not reveal that they met or took any action relative to calling the bond election. The holding in Toyah Independent School District v. Pecos-Barstow Independent School District, supra, is not applicable to the present case for the reason that no action was required of the board of trustees of the Simms Common School District, and for the further reason that the record does not reflect that the board of trustees took any action or held any meeting for the purpose of taking action relative to the bond election. Appellants' points of error are overruled.

The judgment of the trial court is affirmed.