

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

December 27, 1973

The Honorable C. A. Dickerson
County Attorney
Fort Bend County
Richmond, Texas 77469

Opinion No. H- 188

Re: Obligation of Commissioners
Court to repeatedly include
item on agenda at the request
of citizens who wish to
speak to it.

Dear Mr. Dickerson:

You have requested an opinion concerning the obligation of a commissioners court to continue to place the Fort Bend County Library System on the agenda for an indefinite period of time and continue to listen to opinions and advise regarding this subject. We have been advised by you of the following facts:

"The Commissioner's Court of Fort Bend County, Texas, has for a period exceeding seven consecutive weeks allowed any citizen wishing to express his or her opinion and advice in regard to the Fort Bend County Library system to express such feeling to the Court by getting on the Agenda and such person would then be recognized during the meeting of the Commissioner's Court and his or her opinion heard. "

Article 6252-17, Vernon's Texas Civil Statutes, the Open Meetings Act, requires in its Section 1(a) that "every regular, special, or called meeting or session of every governmental body shall be open to the public. " A Commissioners Court is within the definition of "governmental body" and the Act is applicable. Article 6252-17, § 1(b).

The Act requires that notice of a meeting of a Commissioners Court be posted in the county courthouse giving the date, the place, and the subject of the meeting, Article 6252-17, § 3A.

Attorney General Opinion M-220 (1968) dealt with the meaning of "open to the public". It concluded that the Legislature intended an open meeting to be one that the public was permitted to attend. "Open to the public" does not mean that the public may choose the items to be discussed or that they may discuss subjects on the agenda. It merely means that the public may attend the meetings. The purpose of the statute is to assure that the public has the opportutnity to be informed concerning the transactions of public business. Toyah Ind. Sch. Dist. v. Pecos-Barstow Ind. Sch. Dist., 466 S. W. 2d 377 (Tex. Civ. App., San Antonio, 1971, no writ). See Attorney General Opinion H-3 (1973).

So long as the requirements of Article 6252-17, V. T. C. S., are met and the right of citizens to apply to their government for redress of grievance by "petition, address or remonstrance" is not abridged (Article 1, § 27, Constitution of Texas), it is our opinion that a Commissioners Court need not provide a public forum for every citizen wishing to express an opinion on a matter. However, in deciding what matters to consider, or which speakers to hear, it must not unreasonably discriminate. Reasonable restraints on the number, length, and frequency of presentations are permissible.

## SUMMARY

A commissioners court may limit the number of persons it will hear on a particular subject and the frequency with which they may appear, so long as its regulation does not abridge constitutionally guaranteed rights of freedom of speech and to petition, nor unfairly discriminate among views seeking expression.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

_____
LARRY F. YORK, First Assistant

_____
DAVID M. KENDALL, Chairman
Opinion Committee