

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 31, 1974

The Honorable Neil Caldwell
Chairman, Appropriations Committee
House of Representatives
Austin, Texas 78701

Opinion No. H- 438

Re: Whether the Athletic
Council of the University
of Texas at Austin is
required to meet in public
by the Open Meetings Act

Dear Representative Caldwell:

You ask our opinion as to whether meetings of the Athletic Council of
the University of Texas at Austin are subject to the provisions of the Open
Meetings Act, Art. 6252-17, V. T. C. S.

The government of the state university system is vested in the Board of
Regents. Sections 65. 11 et seq., Texas Education Code. In discharging
its duties, the Board of Regents has created the Athletic Council to adminis-
ter all matters pertaining to intercollegiate athletics at the University of
Texas at Austin. The functions and composition of the Athletic Council are
described in the current General Information Bulletin of the University (at
p. 138, Appendix A):

> The Intercollegiate Athletic Council administers,
> subject to all the University regulations relating thereto
> and the jurisdiction of the General Faculty, the President,
> and the Board of Regents, all athletic games, meets, exhi-
> bitions, or contests with other colleges or outside organi-
> zations; that is, all matters connected with the conduct of
> intercollegiate athletics and extramural sports except the
> enforcement of eligibility rules, which is within the control
> of the Faculty Committee on Intercollegiate Athletics.
>
> The Intercollegiate Athletic Council is composed of
> (a) one member of the Students' Association appointed
> annually and properly certified, as officially provided
> by the Students' Association; (b) one member of the Ex-
> Students' Association appointed annually and properly

certified, as officially provided by the Ex-Students'
Association; (c) the five members of the General
Faculty Standing Committee on Intercollegiate
Athletics appointed annually by the President of the
University with the approval of the Board of
Regents; and (d) two members at large appointed
by the Board of Regents and properly certified.

The general duty of the Intercollegiate Athletic
Council is to conduct intercollegiate and extramural
sports in an honorable, beneficial, and economical
manner, subordinating these activities to the intel-
lectual activities of the University and co-ordinating
them helpfully with intramural sports, required
physical instruction, physical education, and the
Health Center.

The Legislature enacted the Open Meetings Act in order to assure the
public an opportunity to be informed concerning the transaction of public
business. Attorney General Opinion H-238 (1974). Its provisions are
mandatory and are to be construed liberally in order to effect its purpose.
Toyah Independent School Dist. v. Pecos-Barstow Independent School
Dist., 466 S. W. 2d 377 (Tex. Civ. App. --San Antonio 1971, no writ). Subject
to certain specified exceptions, the Act requires every regular, special,
or called meeting or session of every governmental body to be open to the
public.

"Governmental body" is defined in Sec. 1(c) of the Act as follows:

'Governmental body' means any board, commission,
department, committee, or agency within the execu-
tive or legislative department of the state, which is
under the direction of one or more elected or appointed
members; and every Commissioners Court and city
council in the state, and every deliberative body having
rule-making or quasi-judicial power and classified as a
department, agency, or political subdivision of a county

> or city; and the board of trustees of every school
> district, and every county board of school trustees
> and county board of education; and the governing
> board of every special district heretofore or here-
> after created by law.

The Athletic Council is an entity "within the executive . . . department of the state, which is under the direction of one or more elected or appointed members." See, Attorney General Opinion M-136 (1967). As such it meets the statutory definition of "governmental body."

"Meeting" is defined in section 1(a) of the Act as follows:

> 'Meeting' means any deliberation between a
> quorum of members of a governmental body at
> which any public business or public policy over
> which the governmental body has supervision or
> control is discussed or considered, or at which
> any formal action is taken.

The University contends, inter alia, that the definition of meeting serves to exclude the Athletic Council from the coverage of the Open Meetings Act since, according to the University, the Council has no authority to take formal action with regard to public business or public policy.

The true extent of the Athletic Council's authority over intercollegiate athletics is a subject of dispute. Under Board of Regent regulations all actions of the Council are merely recommendations which must be reviewed and approved by the University administration or the Board before becoming effective. In briefs, the University has contended that none of the Board's authority has been delegated to the Council and that the Council does not in fact conduct any University business.

On the other hand evidence has been presented to us indicating that the Council does in fact exercise considerable independent authority over inter- collegiate athletics. According to Athletic Council minutes, its business is classified as (1) that not requiring administrative approval; (2) that re- quiring ratification by the administration; and (3) that requiring approval by the Board. Furthermore, it has been alleged that actions taken by the Council are in fact final decisions because in almost every instance they are approved by the administration or the Board pro forma, without dis- cussion.

p. 2026

We do not believe it is necessary for purposes of your inquiry to determine how far the Athletic Council's authoritative control extends in fact. It is sufficient under the definition of "meeting" that the deliberations involve public business over which the governmental body has supervision. Control alone is sufficient to cause the operation of the Act, but it is not required. We feel obliged to conclude that the Council is a "governmental body," and since the meetings are normally for the purpose of considering public business over which it has supervision, such meetings are subject to the requirements of the Open Meetings Act.

### SUMMARY

The Athletic Council of the University of Texas at Austin is a governmental body which supervises public business and as such must comply with the requirements of the Open Meetings Act.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee