

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 11, 1974

The Honorable William T. Keenan
Executive Director
Office of the Governor's Committee
   on Aging
Box 12786, Capitol Station
Austin, Texas 78711

Opinion No. H- 419

Re: Validity of Committee
meeting under Open Meetings
Act, Article 6252-17, V. T. C. S.

Dear Mr. Keenan:

You have asked whether the Governor's Committee on Aging complied with the requirements of the Open Meetings Law, Art. 6252-17, V. T. C. S., under the circumstances set out below.

The Committee on Aging is directed by a nine member board appointed by the Governor with the advice and consent of the Senate, Art. 694k, V. T. C. S., and as such is a governmental body within the scope of the Open Meetings Law, Art. 6252-17, §1(c), V. T. C. S.

On December 14, 1973, the Committee on Aging filed notice with the Secretary of State for a Committee meeting to be held 3 days later, stating as its subject: "Regular Meeting." At the meeting on December 17, 1973, the Committee authorized the selection of a staff "grant review committee" led by the Committee's Executive Director and the Board Chairman to act at a formal session on the Committee's behalf to encumber any federal funds which might become available prior to the year's end. It was further resolved that a telephone poll would be taken of all members of the Governor's Committee on Aging for the purpose of approving any grant review committee action.

The federal Department of Health, Education, and Welfare notified the Committee on Aging on December 27, 1973, of the availability of additional funds subject to their being obligated by the last day of the month. The next

day the Executive Director, the Chairman of the Board, and the grant review committee met and did, in fact, act to encumber the federal monies, and a telephone poll was subsequently conducted. This formal meeting was without notice of any kind to the public although one news reporter was present.

Subsequently at a regular meeting of the Committee a motion was passed to ratify the actions taken by the grant review committee on the preceding December 28. Although notice was given for this committee meeting, there was no specific indication in the notice that the Board would seek to ratify the prior acts of the grant review committee. In order to cure this defect the Committee posted notice for another meeting which would include consideration of ratification of the actions of prior meetings which were all identified by date only. At the meeting a motion was adopted to ratify the actions of the prior meetings.

It is our conclusion that up to and including this meeting the actions of the Committee relating to the encumbrance of the federal funds did not fulfill the subject-matter notice provision of § 3(A)(a) of the Open Meetings Law. Notice that the subject-matter of a meeting will be the Commitee's "regular meeting" or that the Committee intends to "ratify action of December 17, 1973 meeting" does not apprise the public, even in general terms, of what is to be discussed, or ratified. The expressed intention of the requirement of §3A of Art. 6252-17, V. T. C. S., that 72 hours notice be given of a meeting, is not only to let the public know of the meeting but also to advise of the subject matter. Subsection 3A(a) provides:

> Written notice of the date, hour, place, and **subject of each** meeting held by a governmental body shall be given before the meeting as prescribed by this section. (Emphasis added)

This Office stated in Attorney General Opinion M-494 (1969):

> The notice should specifically set out any special or unusual matters to be considered or any matter in which the public has a particular interest, as well as general

> statements concerning routine matters. Of course, an
> itemized agenda of all matters to be considered would
> be in strict compliance with the mandate of Section 3(A)(a)
> of the Act.

Failure to substantially comply with the Open Meetings Law makes an otherwise valid action taken at a meeting of a governmental body voidable. Toyah Independent School District v. Pecos-Barstow Independent School District, 466 S. W. 2d 377, 380 (Tex. Civ. App., San Antonio, 1971, no writ). Consequently, action taken by the Commitee without adequate notice under the Open Records Act was voidable. Even though a governmental body "may effectively ratify what it could theretofore have lawfully authorized in the first place," Fausett v. King, 470 S. W. 2d 770, 773 (Tex. Civ. App., El Paso, 1971, no writ), we are unable to conclude that notice that the Committee intended to ratify actions taken at prior meetings, without specifying what action, would be sufficient notice to the public that the actions of the Committee encumbering federal funds would be one subject of the meeting.

In order to be sure that the prior actions were properly ratified, the Committee posted a more detailed notice for its meeting of August 30, 1974. That notice included an item two stating:

Ratification of Action of the grant review committee of December 28, 1973 encumbering Federal Funds, as follows

Grants recommended for approval subject to polling the Board:

> United Action for the Elderly, Inc. - Mobile Meals,
> Austin - $45, 265.00.
> San Antonio Nutritional Day Care Project for the
> Elderly, San Antonio - $17, 270.
> City of Abilene Nutrition Program for the Aging -
> $182, 717.00.

Approval of use of state funds as matching in Senior Community Services, Corpus Christi.

This notice did specify what actions were sought to be taken and which matters were intended to be ratified. Consequently, the notice for the August 30, 1974 meeting was in conformity with the Open Meetings Law. As such, the prior actions of the Committee encumbering federal funds, were validated when ratified on August 30, 1974. Fausett v. King, supra.

### SUMMARY

Notice that a meeting of a governmental body is to be a regular meeting or that it is to ratify action taken at another meeting, without listing specific matters to be considered is not sufficient notice to meet the requirements of the Open Meetings Law, Article 6252-17, V.T.C.S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg