

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 27, 1974

The Honorable F. H. McDowell, President    Opinion No. H- 246
East Texas State University
East Texas Station                         Re:   Does Open Meetings
Commerce, Texas 75428                            Act permit Univer-
                                                 sity Board of Regents
                                                 to hold executive ses-
                                                 sion to consider grant-
Dear President McDowell:                         ing of honorary degree?

.You have submitted the following question to us for our opinion:

> "Under the new open meeting law, can the
> Board of Regents legally go into Executive Session
> to discuss a person under consideration for an
> honorary degree as a personnel item? "

Texas' Open Meetings Act, Art. 6252-17, V. T. C. S., was enacted by the Legislature in order to assure the public an opportunity to be informed concerning the transaction of public business. . Toyah Ind. Sch. Dist. v. Pecos-Barstow Ind. Sch. Dist., 466 S. W. 2d 377, 380 (Tex. Civ. App., San Antonio, 1971, no writ). Its provisions are mandatory and are to be construed liberally in order to effect its purpose. Toyah Ind. Sch. Dist., supra, at 379. Subject to certain limited exceptions, the Act requires every regular, special, or called meeting or session of every governmental body to be open to the public. "Meeting" and "governmental body" are defined in §1 of the Act as follows:

> "(a) 'Meeting' means any deliberation between
> a quorum of members of a governmental body at
> which any public business or public policy over which
> the governmental body has supervision or control is
> discussed or considered, or at which any formal
> action is taken. . . ."

> "(c) 'Governmental body' means any board, commission, department, committee, or agency within the executive or legislative department of the state, which is under the direction of one or more elected or appointed members. . . . "

The Board of Regents of Texas' State Teachers Colleges is a board within the executive department of the state under the direction of one or more appointed officers. As such, it falls within the above definition of "governmental body." Unless one of the exceptions listed in § 2 of the Act applies, its meetings must be open to the public.

You ask whether any of the provisions of § 2 would permit the Board of Regents to sit in executive session when it discusses the qualifications of persons under consideration for award of an honorary degree. You refer us to § 2(g) which permits a governmental body to meet in private when the subject under consideration relates to the "appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee." But, it is our opinion discussions about persons under consideration for an honorary degree do not fit within the scope of this exception which was designed primarily to prevent the unjustified harm to an employee that might result from public discussion about matters related to his employment status which are traditionally kept confidential. See Note, 49 Tex. L. Rev. 764, 771 (1971). If the person under consideration for an honorary degree were also "a public officer or employee" of the governmental body, privacy of the meeting would be permissible only if the deliberations related to the "appointment, employment," etc., of the employee or officer.

## SUMMARY

The Board of Regents of a state university may not meet in closed executive session when considering whether to grant an honorary degree, unless the candidate is also an officer or employee of the university and the meeting relates to his appointment, employment, etc.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee