

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 22, 1974

The Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H- 238

Re: May Board of Managers
of hospital district meet in
closed session prior to open
meetings and related questions?

Dear Mr. Resweber:

Your opinion request requires that we consider the meaning of Texas'
Open Meetings Act, Art. 6252-17, V. T. C. S.   More specifically you ask:

"1.   May the Board of Managers of the Harris
County Hospital District meet in closed session prior
to an open meeting and, if so, what topics would the
Board be limited to discuss?

"2.   May the Board continue to hold closed
committee meetings?"

The Legislature enacted the Open Meetings Act in order to assure the
public an opportunity to be informed concerning the transaction of public
business.   Its provisions are mandatory and are to be construed liberally in
order to effect its purpose.   Toyah Ind. Sch. Dist. v. Pecos-Barstow Ind. Sch.
Dist., 466 S. W. 2d 377, (Tex. Civ. App., San Antonio, 1971, no writ).   While
the Act was amended by the 63rd Legislature (Acts 1973, 63rd Leg., ch. 31,
p. 45) primarily in order to clarify its meaning and to close any loopholes that
might have existed in its coverage, its basic thrust remains unchanged.   Subject
to certain specified exceptions, it requires every regular, special, or called
meeting or session of every governmental body to be open to the public.   "Gov-
ernmental body" is broadly defined in § 1(c) of the Act, and included in this
definition is "the governing board of every special district heretofore or here-
after created by law. "

The answer to your first question is quite plain. The Harris County Hospital District is a special district created under the authority of Art. 4494n, V. T. C. S. (1966). The Board of Managers is its governing board, and, as such, it is a "governmental body" as that term is defined in § 1(c) of the Open Meetings Act. Therefore its meetings must be open to the public unless the topic to be considered is one of those not required to be considered in an open meeting according to § 2 of the Act.

For example, § 2(f) does not require deliberations pertaining to the acquisition of real property to be held in public. Other pertinent exceptions are made in § 2(e)(certain consultations with attorney), § 2(g)(appointment or dismissal of officers and employees), and § 2(j)(security matters). Even when a closed session is permitted by the Act, its scheduling must first be announced, and the authority for it identified, at a prior open meeting for which notice has been properly given. § 2(a). Furthermore any final action on a matter originally considered in closed session can only be taken at a meeting open to the public. § 2(l). Unless it is considering one of the topies listed in § 2 as being suitable for closed deliberations, the Board of Managers of the Harris County Hospital District must hold all of its meetings open to the public and may not conduct any deliberations in closed session beforehand.

Your second question raises the issue of closed committee meetings. Apparently the Board of Managers of the Hospital District has formed six standing committees, each one of which is composed of three Board members. Although these committees have no authority to take final action on any business pending before the Board, they do make recommendations which are acted upon by the Board in open meetings. You ask whether the meetings held by these standing committees composed of Board members may be closed to the public.

In Attorney General Opinion H-3 (1973) we considered virtually the same question. The Texas Board of Mental Health and Mental Retardation proposed to divide its membership into several committees. Each matter pending before the Board was to be assigned to the appropriate committee which would meet with members of the Board's staff to discuss and study the matter and would then recommend a course of action to the Board at its next open public meeting. Final action on any matter could be taken only by the full Board. The Board requested our opinion on whether the Open Meetings Act required the proposed committee meetings to be open to the public.

We ruled that the Open Meetings Act required meetings of <u>committees</u> <u>composed of members of governmental bodies</u> covered by the Act to be open to the public . Our ruling was in part based on the fear that, if the public were excluded from such committee meetings, it would be deprived of access to the actual decision-making process and the purpose of the Act would be thwarted. We recognized that when a governing board divides its membership into several committees for preliminary consideration of pending business there arises a real danger that the board itself may become merely a "rubber stamp" for the actions or recommendations of its committees. The rationale proferred in H-3 fully applies to the question now before us. Despite their preliminary, non-binding nature, the deliberations of the committees into which the Board of Managers has divided itself are an important part of the Board's decision-making process . The Open Meetings Act was intended to expose the entire decision-making process of the governmental bodies it covers to the view of the interested public. It would be substantially undermined if these committee meetings were not included within its coverage. The Act simply does not contemplate pro forma public approval by governmental bodies of matters already privately determined by its members sitting in closed committee meetings.

We do not believe that the amendments to the Act made by the 63rd Legislature undermine what was said in H-3 or require a different result in this instance. It is true that "meeting" is now defined in the act as "any deliberation between a <u>quorum</u> of members of a governmental body at which any public business or public policy. . . is discussed. . . ." § l(a). But the "quorum" requirement was placed in the Act to indicate that informal meetings of a few members of governmental bodies at social functions were not subject to its coverage. In our opinion that language was not intended to be interpreted to subvert the purpose of the Act so that governmental bodies could divide their membership into committees of less than a quorum for the purpose of conducting important, though preliminary, deliberations about public business in secrecy. Furthermore, "governmental body" is now broadly defined in the Act as including any "board, commission, department, <u>committee,</u> or agency within the executive or legislative department of the state. . .." § l(c). In light of this broad definition and in light of the mandate to construe this Act liberally, we do not believe the Legislature intended for the Act's coverage to be limited by the "quorum" language. Rather it is our opinion that the Act should be liberally construed to require all meetings of committees composed of members of a governmental body covered by the Act, at which public business is discussed, to be open to the public.

Accordingly meetings of committees composed of members of the Board of Managers of the Harris County Hospital District must comply with the "notice" and "open meetings" provisions of the Open Meetings Act.

## SUMMARY

Subject to certain limited exceptions, meetings of the governing board of every special district must be open to the public under the provisions of the Open Meetings Act. Furthermore meetings of committees composed of members of governmental bodies, such as the governing board of a special district, must comply with the Act's "notice" and "open meeting" provision.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee