

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 8, 1975

The Honorable Bevington Reed
Commissioner
Coordinating Board
Texas College and University System
P. O. Box 12788, Capitol Station
Austin, Texas 78711

Opinion No. H- 662

Re: Extent of notice required by the
Open Meetings Act.

Dear Dr. Reed:

You have asked how detailed a notice of a public meeting is required to be under section 3A of the Texas Open Meetings Act, article 6252-17, V.T.C.S.

Section 3A provides in part:

> (a) Written notice of the date, hour, place, and subject of each meeting held by a governmental body shall be given before the meeting as prescribed by this section.
>
> . . . .
>
> (h) Notice of a meeting must be posted in a place readily accessible to the general public at all times for at least 72 hours preceding the scheduled time of the meeting, except that notice of a meeting of a state board, commission, department, or officer having statewide jurisdiction, other than the Industrial Accident Board or the governing board of an institution of higher education, must be posted by the Secretary of State for at least seven days preceding the day of the meeting. In case of emergency or urgent public necessity, which shall be expressed in the notice, it shall be sufficient if the notice is posted two hours before the meeting is convened. Provided further, that where a meeting has been called with noitce thereof posted in accordance with this subsection, additional subjects may be added to the agenda for such meeting by posting a supplemental notice, in which the emergency or urgent public necessity requiring consideration of such additional subjects is expressed. In the event of an emergency meeting, or in the event any subject is added to the agenda in a supplemental notice posted for a meeting other than an emergency meeting, it shall be sufficient if the notice or supplemental notice is posted two hours before the meeting

p. 2899

> is convened, and the presiding officer or the member calling such emergency meeting or posting supplemental notice to the agenda for any other meeting shall, if request therefor containing all pertinent information has previously been filed at the headquarters of the governmental body, give notice by telephone or telegraph to any news media requesting such notice and consenting to pay any and all expenses incurred by the governmental body in providing such special notice. The notice provisions for legislative committee meetings shall be as provided by the rules of the house and senate.

Subsection (h) was amended by the 64th Legislature and is reproduced above in the new version which will become effective on September 1, 1975.

The nature of notice required to be posted was first addressed in Attorney General Opinion M-494 (1969) which indicated:

> The notice should specifically set out any special or unusual matters to be considered or any matter in which the public has a particular interest, as well as general statements concerning routine matters. Of course, an itemized agenda of all matters to be considered would be in strict compliance with the requirements of the statutes.

In Attorney General Opinion H-419 (1974) we indicated that notice that a governmental body would meet to ratify action taken at an earlier meeting of a specified date did not apprise the public of what was to be discussed.

More recently, the validity of notice for a public meeting was considered by the Texas Supreme Court in Lower Colorado River Authority v. City of San Marcos, 523 S.W.2d 641 (Tex. Sup. 1975). That case involved the notice provided for a meeting of the Lower Colorado River Authority on October 19, 1972. The notice was timely posted in the proper place and indicated the subjects to be considered:

> Subjects to be considered at such meeting will include minutes of the last prior meeting; expense statements; transfers of funds; purchase orders, personnel and wage changes; investment agreements; grants or acceptances of easements, rights-of-way, land, or other property rights; contracts and related documents involving Authority business; and such other matters concerning the Authority's operations as may be presented for consideration. (Tr. at 75).

At that meeting the LCRA increased retail electrical rates charged in the City of San Marcos.

The Supreme Court indicated:

> The first effort to increase rates was made at a meeting of the Board of Directors on October 19, 1972. The notice of that meeting made no reference to rates. . . .
>
> . . . .
>
> The notice of the 1972 meeting did not comply with the open meeting law, Article 6252-17, § 3A, in so far as the subject of rates is concerned, and the trial court properly held invalid the action of the Board at that meeting purporting to increase rates. We approve the holding in Toyah Ind. Sch. Dist. v. Pecos-Barstow Ind. Sch. Dist., Tex Civ. App., 466 S. W. 2d 377 (no writ), that a violation of the open meeting law subjects the action taken to judicial invalidation. Lower Colorado River Authority, supra at 646.

Given the holding of the Texas Supreme Court and the two earlier opinions of this Office, we believe the minimum requirement of the law is that notice of a meeting of a governmental body be sufficiently specific to apprise the public in general terms of each subject to be discussed. Each item of discussion should be listed and any additions to the subjects to be considered arising after the original notice has been posted should be included in a supplemental notice which complies with the requirements of section 3A(h) of the Act. Notice of a meeting to discuss "new business," "old business," "regular business," "other business which may come before the board," "routine business" and other similar generalities which do not specify a subject does not comply with the Act. Action taken by a governmental body when adequate notice was not given subjects the action to judicial invalidation. Lower Colorado River Authority, supra; Toyah Independent School District v. Pecos-Barstow Independent School District, 466 S. W. 2d 377 (Tex. Civ. App. --San Antonio 1971, no writ).

## SUMMARY

Notice of a meeting of a governmental body must be sufficiently specific to apprise the public of the subjects which will be discussed. General phrases such as "new business," "old business," "regular business," "routine business" and "other business which may come before the board" will not comply with the Act. Action at a meeting which is not held in compliance with the Open Meetings Act is subject to judicial invalidation.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 2901

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: