

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 28, 1975

The Honorable Eddie Bernice Johnson
Chairperson, Labor Committee
House of Representatives
P.O. Box 2910
Austin, Texas 78767

Opinion No. H- 594

Re: Effect of a commissioners
court's failure to ratify action
of a prior commissioners court
creating a civil service system
when it is alleged that the original
action was taken in a proceeding
which violated the Open Meetings
Act.

Dear Representative Johnson:

You have requested our opinion regarding the effect of a
commissioners court's failure to ratify a prior commissioners court
action that created a county civil service, when it is alleged that the
original action was taken in a proceeding that violated the Open Meetings Act.

You state that the Tarrant County Commissioners Court adopted
the provisions of the County Civil Service Act, article 2372h-6, V. T. C. S.,
thereby creating a civil service system in Tarrant County. See Green v.
Stewart, 516 S. W. 2d 133 (Tex. Sup. 1974). A subsequently elected Com-
missioners Court was advised that prior proceedings of the Court had not
been held in strict compliance with the terms of the Open Meetings Act,
article 6252-17, V. T. C. S. It voted to validate all prior proceedings of
the Court since 1971, and to except from such validation the proceedings
at which county civil service had been adopted. Following such action,
the Court pronounced civil service to be no longer in effect in Tarrant
County.. The alleged defect in the earlier meetings involved the posting
of notice, and we have been informed that there is a dispute regarding the
facts.

Although the Open Meetings Act does not explicitly provide for
invalidation of actions taken in violation of its requirements, three court
decisions since 1971 have recognized that:

> [t]he terms of article 6252-17 are mandatory so
> as to require at least substantial compliance with
> its provisions in order to uphold proceedings to
> which the statute is applicable.  Lipscomb Inde-
> pendent School District v.  County School Trustees
> of Lipscomb County, 498 S. W. 2d 364, 366 (Tex.
> Civ. App. --Amarillo 1973, writ ref'd., n. r. e.).

See also Hall v. Thomas, 474 S. W. 2d 276 (Tex. Civ. App. --Texarkana 1971, writ dism'd.); Toyah Independent School District v. Pecos-Barstow Independent School District, 466 S. W. 2d 377 (Tex. Civ. App. --San Antonio 1971, no writ).  Since an entity to which the Act applies is authorized by its terms "to act only at a meeting which [is] open to the public," then "[it] is an anomaly to say that a meeting, the holding of which is forbidden by law, is a legal meeting." Toyah, supra at 380.  Action taken at a meeting which is not held in compliance with the Open Meetings Law has been held to be voidable.  Toyah, supra.  Attorney General Opinions H-419 (1974); M-494 (1969).  Also see, Lower Colorado River Authority v. City of San Marcos, 18 Tex. Sup. Ct. Journal No. 11, p. 125 (Dec. 11, 1974).

The cases suggest that compliance with the provisions of the Act need be only "substantial." Toyah, supra at 380.  The question of substantial compliance, which necessarily involves determinations of fact, must be resolved eventually "in subsequent court proceedings initiated by persons adversely affected by such action." Toyah, supra. at p. 378. In each of the three decisions we have mentioned, the validity of the proceeding had been challenged by an aggrieved party in an original court action.

In the present instance, however, the Commissioners Court itself purported to render its prior action void merely by failing to ratify it.  We do not believe that such action was sufficient to abolish civil service in Tarrant County, in the absence of an adversary proceeding initiated by an aggrieved party.  If such a proceeding ensues, the factual issue of "substantial compliance" with the terms of the Open Meetings Act can be appropriately resolved.

## SUMMARY

A commissioners court's mere refusal to ratify a prior action allegedly taken in violation of the Open Meetings Act does not in and of itself have the effect of invalidating the prior action. Such invalidation can finally occur only after a finding of a lack of substantial compliance with the provisions of the Open Meetings Act arising from an adversary proceeding initiated by an aggrieved party.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg