J. B. STELZER et al., Appellants,

v.

Bill Ray HUDDLESTON et al., Appellees.

No. 834.

Court of Civil Appeals of Texas, Tyler.

Aug. 14, 1975.

Rehearing Denied Sept. 4, 1975.

William M. Boyd, Boyd, Veigel & Gay, Inc., McKinney, for appellants.

Ralph Elliott, Elliott & Nall, Sherman, for appellees.

MOORE, Justice.

This is a school bond election contest. Appellants (contestants) brought suit against appellee, Celina Independent School District, contesting the validity of the election held on April 27, 1974, upon two propositions, to-wit: (1) whether to authorize Board of Trustees to levy an ad valorem tax as authorized by Section 20.04 of the Texas Election Code and (2) whether bonds should issue in the amount of $1,430,000.00 for school building purposes. The election carried in favor of both propositions by approximately two to one majority. The trial court, sitting without a jury, entered a "take nothing" judgment against appellants, thereby impliedly sustaining the results of the elections from which judgment appellants perfected this appeal.

Neither party requested findings of fact nor conclusions of law and as a result the record is before us by way of a statement of facts only.

Appellants urge by their first two points of error that the trial court erred in refusing to rule that the bond election was void, or in the alternative was voidable, because of the school board's failure to give proper notice of the meeting at which the school trustees voted to call the election and its meeting to canvass the election returns. The basis of appellants' contention is that the School District's notices of the meetings did not comply with the public notice provisions of Article 6252–17, Vernon's Ann.Civ. St., known as the "Texas Open Meeting Law." The pertinent provisions of the statute are as follows:

"Sec. 3A. (a) Written notice of the date, hour, place, and subject of each meeting held by a governmental body shall be given before the meeting as prescribed by this section.

❋ ❋ ❋ ❋ ❋ ❋

"(e) *A school district shall* have a notice posted on a bulletin board located at a place convenient to the public in its central administrative office *and, in addition, shall* either furnish a notice to the county clerk in the county in which most, if not all, of the school district's pupils reside or shall give notice by telephone or telegraph to any news media requesting such notice and consenting to pay any and all expenses incurred by the school district in providing special notice.

❋ ❋ ❋ ❋ ❋ ❋

"(h) *Notice of a meeting must be posted for at least 72 hours preceding the day of the meeting,* except that in case of *emergency or urgent* public necessity, which shall be expressed in the notice, it shall be sufficient if notice is posted *two hours before the meeting is convened.* In the event of an emergency meeting, the presiding officer or the member calling such meeting shall, if request therefor containing all pertinent information has previously been filed at the headquarters of the governmental body, give notice by telephone or telegraph to any news media requesting such notice and consenting to

pay any and all expenses incurred by the governmental body in providing such special notice. The notice provisions for legislative committee meetings shall be as provided by the rules of the house and senate." (Emphasis added.)

The facts, when viewed in a light most favorable to the judgment, reveal that the School District was seriously below the accreditation standards set by the Texas Education Agency. It had been warned that its physical plant did not meet the standards set by the agency and unless some action was taken to comply, the District would lose all State aid, accounting for eighty percent of all funds supporting the School District. On December 10, 1973, the Celina School Board commenced discussion of a building program. Thereafter, the Board held numerous meetings with architects and financial advisors and finally determined that a school bond election would be necessary. On March 18, 1974, the Board met and upon finding that the cost figures for the building program were not yet available, called a special meeting for March 26th, anticipating that by March 26th the cost figures would be available so that the bond election could be ordered at such time. Shortly after the March 18th meeting the local weekly newspaper, the *Celina Record,* was notified that the School Trustees had decided to meet again on March 26th for the purpose of calling a school bond election. On March 21st the newspaper carried an extensive, page one report of the March 18th meeting and stated that at the March 26th meeting the School Board would further discuss the building program and the calling of a bond election. Noel Johnson, the Board's financial advisor, testified that in an effort to comply with the "notice" provisions of the statute he went to McKinney on March 22nd and posted a notice of the March 26th meeting on the courthouse bulletin board. He further testified he posted another notice of the March 26th meeting on the bulletin board at the school two hours before the meeting. Perry Morris, the School Superintendent, testified he too posted a notice of the March 26th meeting on the school bulletin board shortly after 8:00 a. m. on March 25th. The notice posted by Superintendent Morris stated that the meeting would be held in the High School library at 7:30 p. m., and further stated that the purpose of the March 26th meeting was to discuss the building program and the calling of a bond election. The Board convened in open meeting on March 26th in the Celina High School. While the only parties appearing at the meeting were the school trustees, architects and the financial advisor, it is without dispute that no person was excluded from the meeting and that at no time did the School Board hold a closed meeting or have any discussion outside the open meeting room where the meeting was held. After an extended discussion, the school trustees called the election in question for April 27, 1974.

Appellants argue that since the undisputed evidence shows that the notices which were posted on the school bulletin board were not posted for a full 72 hours before the day of the meeting, the action of the School Board in ordering the election was void or voidable. Appellants take the position that literal compliance with the notice provisions of the statute is required. Consequently, they maintain that even though the School Board complied with the statute by giving notice to the local newspaper, since notice was not posted on the school bulletin board for the full 72 hours prior to the meeting, the order calling the bond election was void for lack of public notice and substantial compliance was not sufficient. We cannot agree with this proposition.

This is not a situation where the "open meeting law" was completely ignored and a closed meeting was held as was the case in *Toyah Ind. Sch. Dist. v. Pecos-Barstow Ind. Sch. Dist.,* 466 S.W.2d 377 (Tex.Civ.App., San Antonio, 1971, n. w. h.). In this case the School Board made an effort to comply with the statute but failed only because the notice was not posted on the school bulletin

board for the required length of time. There is nothing to suggest that the failure to post the notice on the school bulletin board for the required time arose from any willful or fraudulent conduct on the part of the School Board and it is without dispute that notice was properly given to the newspaper five days before the meeting.

■ While it has been held in other jurisdictions that the provisions of statutes similar to this are only directory, in this State it has been held that the provisions of the statute are mandatory. *Toyah Ind. Sch. Dist. v. Pecos-Barstow Ind. Sch. Dist.,* supra. Even though provisions of the statute are mandatory, we hold that the "notice" provisions of the statute are subject to the substantial compliance rule. *Federal Crude Oil Co. v. Yount-Lee Oil Co.,* 122 Tex. 21, 52 S.W.2d 56, 61 (1932); *Whiteside v. Brown,* 214 S.W.2d 844, 847 (Tex.Civ.App., Austin, 1948, dism'd); *State v. Crawford,* 269 S.W.2d 536 (Tex.Civ.App., El Paso, 1954, n. w. h.); *Lipscomb Ind. Sch. Dist. v. County School Trustees,* 498 S.W.2d 364 (Tex.Civ. App., Amarillo, 1973, ref. n. r. e.). The rationale of the substantial compliance rule is that while the notice provisions in statutes are mandatory, they are essentially procedural; that rigid adherence to such a procedural mandate will not be required if it is clear that a substantial compliance provides realistic fulfillment of the purpose for which the mandate was incorporated in the statute. A determination of the applicability of substantial compliance will, of course, depend on the circumstances of each case.

■ Upon applying the foregoing rules to the facts and circumstances of the present case showing a partial compliance with the notice provision of the statute, we are of the opinion that the objective sought by the "notice" provision has been fully attained and, as a practical matter, the mandate of the statute was fulfilled. There can be no doubt that a large segment of the public was informed of the March 26th meeting by the news media more than

72 hours before the day of the meeting. This, together with the notices posted on the school bulletin board for approximately 15 hours before the day of the meeting and approximately 34 hours before the meeting commenced, amounted to a substantial compliance.

■ Further, appellants contend that the bond election was void because the notice of the place of the meeting held by the School Board on April 29th to canvass the result of the election failed to comply with the provisions of the statute. In this connection appellants argue that the notice was insufficient because it recited that the April 29th meeting was to be held at its regular meeting place in the "Administration Building," whereas the undisputed proof was that the School District owned no separate building known as the "Administration Building." Consequently, appellants contend that the order declaring the result of the election was void for lack of public notice of the place at which the meeting was to be held. We overrule the contention.

The evidence shows that the Celina Independent School District was a relatively small school district having only two buildings situated in the town of Celina. One of the buildings was a large building housing the High School, the other small building situated across the street was known as the agriculture building. While the School District maintained no "Administration Building" as such, the administrative offices, consisting of the superintendent's offices and the two principals' offices, were maintained in the High School. The evidence shows that the April 29th meeting was held in these offices in the High School where the administration of District activities is usually conducted. Any person desiring to attend the meeting would naturally have gone to the only building of any significance maintained by the District in the small town of Celina. There is no complaint that anyone was denied admittance to the meeting or was misled by the notice of the meeting place. For these reasons we

are of the opinion that the notice of the place of the meeting substantially complied with the statute. Appellants' first and second points are overruled.

Appellants' third point reads as follows: "The Trial Court erred when it failed to rule that the qualified voters in the Celina School District were misled into believing that only a slight increase of taxes would be necessary to support the bond issue in question." The point is without merit and is overruled.

■ Elections may be contested only on grounds expressly or impliedly authorized by the Election Code. 21 Tex.Jur.2d Elections, sec. 158, p. 413. Article 9.15 of the Texas Election Code authorizes the courts to declare an election void in those instances where it appears that it is impossible to ascertain the true result of an election and in instances where such a number of legal voters were, by the officers or the managers of the election, denied the privilege of voting so as to change the result of the election. In an election contest only such matters as happened on the day of the election and pertaining strictly to the election itself may be inquired into or determined by the courts. *Harrison v. Jay,* 153 Tex. 460, 271 S.W.2d 388 (1954); *Oser v. Cullen,* 435 S.W.2d 896 (Tex.Civ.App., Houston, 1968, dismissed). We fail to find any evidence showing that any of the school's trustees or any other official of the School District stated to the public that only a "slight" increase of taxes would be necessary to support the bond issue. But even if such were the case, under the foregoing rules of law, such alleged misleading statements being made prior to the election could not be inquired into or considered by the court.

By their final point appellants contend the trial court erred in refusing to void the bond election on the ground that four of the election officials who assisted in holding the election were disqualified.

The record reveals that the School Board appointed the School Superintendent, Perry Morris, as the Clerk for absentee voting, and appointed his secretary, Alma Jo Scott, as alternate election judge.

■ Appellants argue that the appointment of these two parties as election officials was in violation of Article 3.04 of the Texas Election Code which prohibits any person holding an office of profit or trust under the State from acting as an election judge or clerk. The contention is without merit since neither the Superintendent nor his secretary were state officials. Both the Superintendent and his secretary were nothing more than employees of the School District. *Aldine Ind. Sch. Dist. v. Standley,* 154 Tex. 547, 280 S.W.2d 578 (1955). Perforce of statute, the School Superintendent was eligible for appointment as clerk for absentee voting, if otherwise qualified. Article 5.05, subsec. 1a(6), Texas Election Code. We find nothing in the statutes prohibiting a secretary of the school superintendent from acting as an election official.

Further, appellants argue that the trial judge erred in refusing to void the election because the undisputed evidence shows that two of the clerks who assisted in holding the election were related to one of the school trustees.

■ While Article 3.03 of the Texas Election Code prohibits a person from serving as an election judge or clerk who is related to a *candidate* within the third degree by affinity or consanguinity, we find nothing in the code prohibiting a relative of a school trustee from serving as an election clerk in a school bond election. Even if Article 3.03, supra, could be construed to be applicable, there was no evidence that either of the clerks attempted to exercise any influence on any voter or that there was any unfairness or fraud in the conduct of the election. In these circumstances, the irregularity, if any, would not be sufficient to void the election. *Sawyer v. Board of Regents of Claredon Junior College,* 393 S.W.2d 391 (Tex.Civ.App., Amarillo, 1965, n. w. h.); *Little v. Alto Ind. Sch. Dist. of Alto, Chero-*

*kee Cty.,* 513 S.W.2d 836, 889 (Tex.Civ.App., Tyler, 1974, dism'd).

The judgment of the trial court is affirmed.