

# The Attorney General of Texas

May 8, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Chet Brooks
Chairman
Senate Committee on Human Resources
State Capitol
Austin, Texas 78711

Opinion No. H- 1163

Re: Whether secret ballots conducted by a governing body violate the Open Meetings Act.

Dear Senator Brooks:

You indicate that a school district board of trustees recently met in an open session and elected officers for the board; however, the election of one of the officers was done by secret ballot. You ask if a secret ballot taken at a public meeting constitutes a violation of the Texas Open Meetings Act.

The Texas Open Meetings Act, article 6252-17, V.T.C.S., provides:

> Sec. 2.(a) Except as otherwise provided in this Act or specifically permitted in the Constitution, every regular, special, or called meeting or session of every governmental body shall be open to the public; . . . .
>
> (1) Whenever any deliberations or any portions of a meeting are closed to the public as permitted by this Act, no final action, decision, or vote with regard to any matter considered in the closed meeting shall be made except in a meeting which is open to the public . . . .

The Open Meetings Act is to be liberally construed to effect its purpose "of assuring that the public has the opportunity to be informed concerning the transactions of public business." Toyah Independent School District v. Pecos-Barstow Independent School District, 466 S.W.2d 377, 380 (Tex. Civ. App. — San Antonio 1971, no writ).

A similar question was presented to the Illinois Attorney General in 1933. The Illinois statute provided that a board was required to "sit with open doors." In construing that statute the Illinois Attorney General said

> This is a plain legislative declaration against secrecy of any kind or character entering into the deliberation of the county board. . . . Of what avail is an open door to the public if the proceedings are secret. The eye can see, the ear can hear, but secrecy conceals all. It is no advantage to the citizen to see a member write a name secretly on a ballot unless he is privileged to read what is thereon written.

Illinois Attorney General Opinion No. 246 (May 4, 1933). This continues to be the law in Illinois. Illinois Attorney General Opinion No. S-917 (June 20, 1975). At least three other states have reached the conclusion that a secret ballot violates a statute requiring open meetings of governmental bodies. Florida Attorney General Opinion 073-264 (July 17, 1973); Oregon Attorney General Opinion No. 7115 (October 11, 1974); Virginia Attorney General Opinion to the Honorable Richard R. G. Hobson (August 9, 1977); see Bassett v. Braddock, 262 So.2d 425 (Fla. 1972) (four judge majority suggests, but does not hold, that a secret ballot is illegal; remaining three judges specifically indicate that a secret ballot violates the Florida Government in the Sunshine law). Cf. Kansas Attorney General Opinion No. 75-293 (July 15, 1975) (holds that an open meetings statute which specifically prohibits taking binding action by secret ballot prohibits a secret ballot for the election of a school board officer). Contra Massachusetts Attorney General Opinion to Governor John A. Volpe (July 19, 1965).

We concur in the conclusion reached by attorneys general of the majority of states which have faced the question. The Open Meetings Act is designed to insure that decisions of public bodies are reached openly and that the public can observe the actions of their representatives. The secret ballot, when used to protect citizens when choosing their representatives, is a hallmark of a democratic system of government; but, when it is used to conceal a public official's vote, it violates the fundamental tenet of an elected or appointed official's ultimate accountability to the electorate. See generally 116 Cong. Rec. 25796-25818 (1970). We believe it is the antithesis of the requirements of the Texas Open Meetings Act. Thus, it is our opinion that the Open Meetings Act prohibits the use of secret ballots in meetings of governmental bodies.

### S U M M A R Y

The use of a secret ballot in a meeting of a governmental body violates the Texas Open Meetings Act.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst