**MOORE v. COMMISSIONERS COURT OF McCULLOCH COUNTY et al.**

**No. 9951.**

Court of Civil Appeals of Texas. Austin.

April 4, 1951.

Rehearing Denied April 18, 1951.

Ross Hoffman, Brady, for appellant.

Newman & McCollum, Brady, for appellee.

ARCHER, Chief Justice.

This is a suit instituted by W. R. Moore, as plaintiff, against the Commissioners Court of McCulloch County, Parker Pumphrey and three other individuals, and the Gulf, Colorado & Santa Fe Railway Company, as defendants, filed on March 10, 1950, and involves the authority of the Commissioners Court of McCulloch County

to close a portion of the old Brady-Brownwood Public Road.

The plaintiff owns and has owned since 1907 a tract of 77 acres fronting on the road and has as a part of its calls in its field notes a call for this road. Plaintiff alleged use of the road for over 40 years, and the act of the Commissioners Court in ordering the road closed, and the subsequent act of the individuals named as defendants in the suit and of the G., C. & S. F. Ry. Co. in placing obstructions across the road in the nature of wire fences, and sought a permanent injunction against interfering with the use of the road, and for an order directing the defendants to remove the obstructions.

In the original petition the railway company was designated "The Santa Fe Railroad Company," and service was had on Frank W. Lazalier as an agent of the company; after service on him, F. W. Lazalier filed an affidavit that he was not an agent for Santa Fe Railroad Company, and knew of no such company, but that he was at the time of such service and was then a local agent of the Gulf, Colorado & Santa Fe Railway Company.

No plea in abatement was filed by either defendant.

The plaintiff filed his first amended original petition on April 22, 1950, and named as defendants the same as in his original petition, except he followed the suggestion in the affidavit, and named the Gulf, Colorado & Santa Fe Railway Company, and service was had on Frank Lazalier as its agent.

The defendant railway company filed an exception to the pleading of plaintiff, on the ground that the cause of action was barred by the statute of limitation, since the action of the Commissioners Court was had on the 14th of April, 1948, and the amended petition was filed on April 22, 1950.

The defendants Commissioners Court and the individuals filed an answer, pleading that the judgment was valid, and raised the issue as to the jurisdiction of the court to hear and determine the matters, and excepted to the petition on the ground that it was a collateral attack on a valid judgment of the Commissioners Court, and that no appeal was taken from the order or resolution of the court, and the suit was not one to set aside such order, and that no showing was made that the Commissioners Court was acting beyond its constitutional powers, and does not show an abuse of discretion. Defendants denied generally the allegations in the petition, and alleged that the order was a valid one, entered after notice and hearing, and that the motion carried 100% and no appeal was taken; that the order became a binding judgment of a court of competent jurisdiction and could not be attacked in this proceeding; and further that the plaintiff has not been deprived of public road facilities because there is a road from the village of Placid to the land owned by plaintiff; and as further answer the defendants pleaded that the road had not been closed but only rerouted; and that they go hence, and for costs.

On trial before the court the pleas to the jurisdiction and all special exceptions were overruled, and the plaintiff was denied a mandatory injunction and held not entitled to have or recover anything of the defendants. Exceptions were taken by all parties to the action of the court insofar as the respective parties felt aggrieved.

The appeal of the plaintiff is based on one point of error: "The first and only point of error upon which this appeal is predicated is that the trial court was in error in refusing to grant the relief for which the appellant prayed."

The defendants assign seven counter points, to the effect that it was not error for the court to deny a mandatory injunction because the road had been rerouted and a portion closed under the order of the Commissioners Court; and that no appeal had been taken from the judgment and no suit brought to set the order aside, and there was no allegation of fraud on the part of the Commissioners Court in closing the road, and no proof that the court acted without due consideration of the public; and that the court complied with the law with reference to changing the public road; and finally that all requirements of the law

had been complied with, with reference to changing and closing a public road.

The controlling question before us in this appeal is: Does the Commissioners Court have authority to order the closing of a public road over the protest of those owning property adjacent to such road, who have used the same and have purchased property abutting on a roadway, with reference to the fact that the road was then in existence and used as a means of ingress and egress from the property?

Section 3, Article 2351, Vernon's Ann. Civ.St., provides that the Commissioners Court has power to "Lay out and establish, change and discontinue public roads and highways." It is under this Article that the Commissioners Court claims the authority to enter the order closing the road.

Article 6702, V.A.C.S., sets out the powers of Commissioners Courts with reference to laying out of public roads and to discontinue or alter any road.

We are unable to find any authority for a Commissioners Court to *close* or order *closed* a public road over the protest of an owner of land abutting a public road previously maintained as a part of a highway, and which owner having bought his property in relation to such road, as owner had acquired a property interest in the public road or highway. This property interest entitled the plaintiff to its use free from obstruction or hindrance by the appellee.

In the case of Commissioners' Court of Harris County v. Kaiser, Tex.Civ.App., 23 S.W.2d 840, 841, Writ Ref., in an opinion written by Chief Justice Pleasants, it is said, among other things:

"It is well settled that one who buys property abutting on a street or roadway acquires a property interest in the street which entitles him to its use free from obstruction.

\*    \*    \*    \*    \*    \*

"The power to discontinue a public road conferred by the cited statute is restricted to abandonment by the county of its maintenance as such public highway, and does not include the right to deny its use to the owners of property situated thereon."

In Powell v. Houston & Texas Cent. Ry. Co., 104 Tex. 219, 135 S.W. 1153, 1155, 46 L.R.A., N.S., 615, it was held that:

"The ownership of the lot abutting upon the street carried with it as property the right of free and unimpaired access thereto and egress therefrom, and whatever impaired that right and caused a depreciation of the value of the lot constituted damage to the lot within the meaning of the Constitution. \*    \*    \*

"It was not necessary that the obstruction should be in front of or near to the plaintiff's property, but the test of the right to recover in this action is: What effect did that crossing and the condition in which it was have upon the value of the plaintiff's property and upon the exercise of his right of egress and ingress?" Meyer v. Galveston H. & S. A. Ry. Co., Tex.Com. App., 50 S.W.2d 268; MacFarlane v. Davis, Tex.Civ.App., 147 S.W.2d 528.

In Boyd v. Dillard, County Judge, 151 S.W.2d 847, Ref. Want of Merit, the Court of Civil Appeals had before it the matter of ordering the reopening of a road which had been closed as a condition of acceptance by the State of conveyance of land on both sides of road for state park. The court held that, under Section 9, Article 6081d, Title 103, V.A.C.S., the Commissioners Court had greater authority for closing of roads than it had theretofore, etc.

We, therefore, conclude that the Commissioners Court did not have the power and authority to enter the order closing the road and that the individuals did not have the authority to place the obstruction across the road so as to deny its use to the appellant, who owned land situated thereon.

The District Court has, under the Constitution, appellate jurisdiction and general supervisory control over the Commissioners Court, with such regulation as may be prescribed by law to protect by injunction the property rights of a citizen from an unlawful act or invasion. Art. 5, Sec. 8, of the State Constitution, Vernon's Ann. St.; Kirby v. Transcontinental Oil Co., Tex.Civ.App., 33 S.W.2d 472; Harris

122

County v. Bassett, Tex.Civ.App., 139 S.W. 2d 180.

We are in accord with the holdings of our courts that where the Commissioners Court acts upon a matter within its power and jurisdiction, in the absence of fraud, that no court has the right to set its decision aside, but in the present case we hold that the Commissioners Court was without power and authority to enter the order, as hereinabove stated.

The trial court did not err in refusing to sustain the plea of limitation of the railway company; the original suit was filed within two years after the date of the entry of the order closing the road. 28 Tex.Jur., p. 202.

There was no necessity for appealing from the order of the Commissioners Court closing the road, as such order was in excess of its authority and void.

The judgment of the trial court is reversed and the mandatory injunction as prayed for is granted.

Judgment reversed and mandatory injunction granted.