**LIPSCOMB INDEPENDENT SCHOOL DISTRICT et al., Appellants,**

v.

**COUNTY SCHOOL TRUSTEES OF LIPSCOMB COUNTY, State of Texas, et al., Appellees.**

**No. 8361.**

Court of Civil Appeals of Texas, Amarillo.

July 23, 1973.

Rehearing Denied Sept. 4, 1973.

---

Allen, Gaines & Julian, Ronnie Gaines, Perryton, for appellants.

Lemon, Close, Atkinson & Shearer, Otis C. Shearer, Booker, for appellees.

JOY, Justice.

This is an appeal from a summary judgment entered against appellants, Lipscomb Independent School District, Donald L. Beard, Don W. Rader, Bill B. King, L. A. Pundt, and Hillmer Koch, plaintiffs below, denying appellants an injunction against defendants-appellees, County School Trustees of Lipscomb County, Texas, and Warren C. Jenkins, County Judge, Lipscomb County, Texas. Affirmed.

Appellants brought this action for an injunction prohibiting the appellees from any further consideration of detaching territory from appellant school district and of annexing such territory to adjoining independent school districts. Appellants' petition recited that Lipscomb Independent School District is a body corporate within Lipscomb County, Texas, and the other appellants are residents of Lipscomb County, Texas, and all reside within the school district. Appellants alleged they suffered irreparable harm and injury due to the acts of appellees. They alleged that two of the county school trustees filed a motion with E. J. Tarbox, then County Judge and secretary to the County Board of School Trustees. This motion was to be consid-ered at a regular meeting of the County School Trustees and called for the trustees to "assert the exclusive jurisdiction to detach territory from the Lipscomb Common School District and add such territory so detached to adjoining Independent School Districts." Appellants further alleged that written notice of the date, place, and subject of appellees' subsequent meeting was not given in compliance with Article 6252—17 [1] to appellants' prejudice. Appellants state the appellee County School Trustees met on May 26, 1970, and passed the order calling for the Board to assert its exclusive jurisdiction to detach territory from appellant school district and set June 29, 1970, at 1 p. m. as the date for the public hearing to determine whether or not the Board should undertake to detach such territory. Appellees stated that the public meeting was held on June 29, 1970, at 1 p. m., wherein appellee county school trustees did pass a motion which called for the detachment of territory from appellant school district. It is appellants' position that these acts of the county school trustees were void because of a lack of proper public notice of the subject of the meeting held on May 26, 1970.

After a hearing on the above allegations, the district court of Lipscomb County granted appellees a summary judgment which decreed appellants take nothing by their suit and denied injunctive relief. Appellants brought this appeal based upon seven points of error.

Appellants' first four points are discussed together. Summarized, they are: The trial court erred because the mandatory provisions of Art. 6252—17, prohibiting governmental bodies from holding closed meetings and providing for notice to the public of such meetings, were not followed by the county school trustees of Lipscomb County; consequently, such meeting was illegal and all acts accomplished at such meeting were void, voidable, and/or inef-

1. All statutory article references are to the number under which the article appears in Vernon's Ann.Tex.Civ.St.

fectual, thereby precluding a summary judgment for appellees.

The pertinent parts of Art. 6252—17 provide that every regular, special, or called meeting of a county board of school trustees shall be open to the public. This article further provides that written notice of the date, place, and subject of each such meeting shall be posted on a bulletin board to be located at a place convenient to the public *in*[2] the county courthouse for at least three days preceding the day of the meeting.

The notice itself recited that the May meeting of the Lipscomb County Board of Trustees would be held Tuesday, May 26, 1970, in the Judge's Office in the Lipscomb County Courthouse. Under the heading "Subjects," was listed a motion to detach territory from the Lipscomb Common School District and add such territory to adjoining Independent School Districts. This notice was signed by E. J. Tarbox, as Ex Officio County Superintendent and Secretary of County Board of Trustees. The record indicates such notice was posted sometime between 4:30 and 5 p. m., Friday, May 22, 1970, on a bulletin board located near the judge's office inside the county courthouse.

Appellants urge that since the doors to the courthouse were locked between 5 and 6 p. m. on Friday and remained closed on Saturday, May 23, and Sunday, May 24, the notice was not posted for the mandatory three day period prior to the May 26 meeting and, consequently, the letter and the spirit of Art. 6252—17 was disregarded. To support this position, they cite the case of Toyah Ind. Sch. Dist. v. Pecos-Barstow Ind. Sch. Dist., 466 S.W.2d 377 (Tex.Civ. App.—San Antonio 1971, no writ). In that case, the Toyah Independent School District filed suit to enjoin enforcement of a order annexing the Toyah Independent School District. Toyah contended the annexation order was invalid because it was adopted at a meeting from which the pub-

lic had been excluded. Notice of such meeting had been given and public representatives were in the building wherein the meeting was held, but only the members of the interested boards and their attorneys were actually present in the meeting room. In addition, after presentations and arguments, all but the annexing board were required to leave the meeting room. The court held the meeting to be illegal in that there had been no compliance with Art. 6252—17, thus the order emanating from such meeting was ineffectual. Appellants contend that the holding in the Toyah case is applicable to the order in question here.

■■ The terms of Art. 6252—17 are mandatory so as to require at least substantial compliance with its provisions in order to uphold proceedings to which the statute is applicable. Toyah Ind. Sch. Dist. v. Pecos-Barstow Ind. Sch. Dist., supra; Hall v. Thomas, 474 S.W.2d 276 (Tex.Civ.App.—Texarkana 1971, writ dism'd). A careful review of the record indicates the notice in question listed the date, place, and subjects to be discussed in the May 26 meeting. The record indicates such notice was posted, as required by Art. 6252—17 in a bulletin board located at a place convenient to the public *in* the county courthouse; the record indicates the notice was posted on the bulletin board on May 22, 1970, and the county school trustees' meeting was held at 1 p. m. on May 26, 1970. The statute requires the notice to be posted at a convenient place *in the courthouse* at least three days prior to the meeting, but makes no requirement that such notice be accessible to the public at all times during that three day period, nor does the statute exclude Saturdays and Sundays from such three day time period requirement. There is no evidence that the trustees had any intent to keep such meeting closed to the public. There is no evidence that anyone who desired to attend the meeting failed to attend, nor is there any evidence that anyone who desired to

---

2. All emphasis ours unless otherwise noted.

attend was denied admittance. Mr. Don Beard, one of the appellants, admits in a sworn deposition that he was present at the May 26 meeting. Mr. Carl Hanshu, a county school trustee, testified by sworn deposition that not only was Mr. Beard present at the May 26 meeting, but that he had an opportunity to speak and otherwise participate in the discussion, but failed to do so. After a careful review of the record, it becomes apparent the situation upon which the holding in the *Toyah* case was based is not applicable here and there is sufficient evidence to support a finding that the county school trustees substantially complied with the provisions of Art. 6252—17. Appellants' first four points are overruled.

■ Appellants' points five through seven can be summarized as the trial court erred in granting summary judgment for appellees and refusing to grant a summary judgment for appellants because the order entered by the county school trustees was an attempted exercise of authority provided under Art. 2742a, that said article authorizes exercise of authority therein only against common school districts, and the appellant was and is an independent school district, and any purported exercise of authority is void or voidable.

Appellants contend that the Lipscomb Independent School District was created by House Bill 539, Chapter 34, Thirty-Fifth Legislature, 1917, and that the county board of school trustees, in entering the order on May 26, 1970, acted under the provisions of Art. 2742a. They urge that as such article pertains only to common school districts and since Lipscomb was an independent school district, such order is void and they should have been granted the injunction for which they prayed.

Appellees contend that the county school trustees proceeded under both Art. 2742a and Section 19.001, Vernon's Texas Code Annotated Education Code. It is undisputed that the terms of the order entered on May 26, 1970, were couched in the terms of Art. 2742a. Appellees introduced in evidence the sworn affidavits of the trustees, County Judge E. J. Tarbox, R. D. Lemon, an attorney for the County Board of School Trustees, and other trustees, which stated the trustees based their order upon a discussion of both Section 19.001, V.T.C.A., and Art. 2742a. Appellees contend that the trustees invoked their jurisdictional power under Section 19.001 by merely "considering" or "discussing" action under that statute. Barnhart Ind. Sch. Dist. v. Mertzon Ind. Sch. Dist., 464 S.W.2d 197 (Tex.Civ.App.—Austin 1971, writ ref'd n. r. e.). An examination of the record reveals that regardless of which statute was used, the county school trustees validly invoked jurisdiction over the territory in question and the order of May 26, 1970, was in fact valid.

Section 23.02, V.T.C.A. Education Code (formerly Art. 2763, now repealed) provides that "[a]n *independent school district* having fewer than 150 scholastics . . . *shall . . . be governed* in the general administration of its schools by the *laws which apply to common school districts . . . .*" That section further provides that the trustees of an independent school district having fewer than 150 scholastics may choose by majority vote, shown by the minutes of the board, *not* to be governed in the general administration of its schools by the laws which apply to common school districts, but be governed instead by laws which apply to other independent school districts. There is evidence in the record that there are only 43 scholastics in the Lipscomb Independent School District. Thus, the provisions of Section 23.02 would apply to the Lipscomb Independent School District unless the board had voted to be governed under the laws pertaining to Independent School Districts. Mrs. Lena Glasgow, County Clerk of Lipscomb County, in a sworn affidavit, stated that during her tenure in office the Lipscomb Independent School Board had not filed minutes of any meeting which contained a motion or order to the effect that the independent district wished to be governed under the laws relating to independent school

districts. Mr. Donald L. Beard, President of the Board of Trustees for Lipscomb Independent School District, testified that such a motion had never been passed. There is additional evidence in the record that the Lipscomb Independent School District operated under the laws governing common school districts. From this, it is apparent that Art. 2742a, when used in conjunction with Section 23.02, vested in the Lipscomb County Board of School Trustees the authority to detach territory from appellant district.

An order of a trial court in refusing to grant an injunction will be reversed only when a clear abuse of discretion is shown. Railroad Commission v. Shell Oil Co., 146 Tex. 286, 206 S.W.2d 235 (1947). There is no evidence that the trial court abused its discretion in denying appellants' injunctive relief, there is sufficient evidence that the order entered on May 26, 1970, and subsequent orders were valid. Appellants' points five through seven are overruled and the decision of the trial court is in all things affirmed.

Affirmed.