Alberto SANTOS, Appellant-Cross Appellee,

v.

Jose M. GUERRA, Appellee-Cross Appellant.

No. 16036.

Court of Civil Appeals of Texas, San Antonio.

July 19, 1978.

Rehearing Denied Sept. 13, 1978.

Richard G. Morales, Sr., Asst. Webb County Atty., Laredo, for appellant-cross appellee.

John Buckley, Austin, for appellee-cross appellant.

OPINION

MURRAY, Justice.

This is a case arising under the Texas Open Meeting Act, Tex.Rev.Civ.Stat.Ann. art. 6252–17 (1967), and concerns the validity of the action of the appellant, Webb County Commissioners Court, in discharging appellee, Jose M. Guerra, Superintendent of the Road and Bridge Department of Webb County. This appeal is from the judgment entered on the jury verdict in favor of appellee for $16,000 in the district court. The jury found: (1) that there was a failure to post notice of the commissioners

court meeting as required by the Texas Open Meeting Act; (2) that appellee did not have sufficient notice of the Webb County Commissioners Court meeting to enable him to secure attorneys' advice and otherwise protect whatever rights he considered were in danger of being violated; (3) that during the executive session of this meeting, the members of the commissioners court discussed the evaluation of duties or job performance of appellee; (4) that appellee should be awarded $16,000 for the loss of earning capacity from the date of the termination to date of trial.

■ Appellant's first point of error is that the trial court erred in overruling his motion for instructed verdict at the close of the evidence because there was no evidence of a violation of the Texas Open Meeting Act that would justify the invalidation of the action of the commissioners court in terminating the employment of appellee. We agree. In determining whether the appellant was entitled to an instructed verdict in this case, we must view the evidence in the light most favorable to the appellee and we must indulge in every inference which may properly be drawn from the evidence and a peremptory instruction is warranted only when the evidence is such that no other verdict can be rendered and the winning party is entitled, as a matter of law, to a judgment. *White v. White,* 141 Tex. 328, 172 S.W.2d 295 (1943); *Lee v. Chumley Lumber Company,* 465 S.W.2d 414 (Tex. 1971). Viewing the evidence in the light most favorable to appellee's case, it is apparent that the commissioners court of Webb County has substantially complied with the Texas Open Meeting Law and that invalidation of the action of the commissioners court is not justified.

Appellee testified that he was hired on April 1, 1975, by the commissioners court of Webb County as superintendent of the Roads and Bridge Department, and thereafter had some problems with individual members of the commissioners court on how the department should be operated; that on November 21, 1975, he received a telephone call and was told that commissioners court

wanted to fire him at the Monday meeting, November 24, 1975. On the afternoon of November 21, 1975, a meeting of the employees of the Road and Bridge Department was held in which appellee and some 60 employees were present. Appellee testified that he discussed the matter with his employees and that some of the men told him they would be glad to go to the commissioners court with appellee; that some of the men started getting petitions and signing them.

The record reflects the following testimony given by appellee concerning the telephone call he received on November 21:

A. Well, see, about one o'clock, the phone rang . . . And they told me—This guy said, 'they are going to fire you. Commissioner de la Garza is going to fire you Monday.'

\* \* \* \* \* \*

Q. Did you believe it?

A. I took it for granted that they knew.

\* \* \* \* \* \*

Q. So would that not show, Mr. Guerra, that the notice that you had received, from your own testimony, at one or one-thirty in the afternoon, on Friday, was sufficiently specific?

A. (Witness nodded affirmatively.)

Q. Is that a yes answer, Mr. Guerra?

A. Well, like I told you, it was a rumor. I didn't know for a fact. The facts didn't come about until Monday at nine-thirty or ten o'clock.

The record shows that the notice was posted on November 21, 1975. Item No. XI stated, "Discuss Road and Bridge Department personnel matters (executive session if needed)." Mr. Mike Volpe, County Clerk of Webb County, testified that the general practice in Webb County was that all notices were prepared by the county judge's office and given to the deputy county clerk assigned to the commissioners court; that the deputy county clerk would then post the notice Friday morning at the bulletin board at the courthouse which was open to the public seven days of the week. The deputy county clerk assigned to the commissioners

court was Mr. George Zapata and during the trial of this case Mr. Zapata was in the county clerk's office and was not called as a witness by appellee or appellant.

When Mr. Volpe was asked if he knew that the notice had been posted on Friday, November 21, he stated:

A.  As I testified yesterday, I have full confidence in my employees. The person who signed that particular notice has been in the County Clerk's Office for close to forty years. He knows exactly what he is supposed to do. And I feel confident, and I feel sure that the minute that notice was presented to him, he posted it.

It appears the commissioners court meeting on November 24, 1975, was well attended by citizens of Webb County consisting of both friend and foe of appellee. At the beginning of the meeting, appellee made a request that any evaluation or discussion of him be held in open public meeting as provided in Art. 6252–17, § 2(g) (Supp.1978). This section provides as follows:

Nothing in this act shall be construed to require governmental bodies to hold meetings open to the public in cases involving the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee or to hear complaints or charges against such officer or employee, unless such officer or employee requests a public hearing.

When Item No. XI on the agenda for the commissioners court came up for discussion, it was suggested by one of the commissioners that they retire to executive session for the purpose of determining who was going to be discussed in the Road and Bridge Department. After a lengthy discussion, it was determined that it would only be fair to the employees concerned to determine in executive session who was going to be discussed. The court then retired into executive session for between eight and ten minutes and returned to open court.

The interrogatory of Commissioner de la Garza was introduced wherein he testified that while in executive session, the commissioners did not discuss terminating appel-lee's job; that they did discuss the history of his job performance; that de la Garza brought out the fact that he received information that appellee had been using county equipment on private property and was not following the orders of the commissioners court and that improper repairs were made on the Pinta Mangana Road. In an answer to a question by appellee's attorney, Commissioner de la Garza denied that discipline of the appellee or anything like that was mentioned in the closed session.

Commissioner Angel R. Laurel gave similar testimony to Commissioner de la Garza and then stated, "Those facts were merely stated by Mr. de la Garza and once they were heard by the other commissioners, the court then proceeded to come into open court."

The open meeting concerning appellee lasted for at least two and one-half hours during which time the petition of the employees of the Road and Bridge Department in favor of appellee was introduced and numerous witnesses were called and statements were made for and against appellee. Appellee participated in the hearing in open court and never requested a postponement for the purpose of obtaining an attorney. Appellee testified that when everyone was through talking, including appellee, Commissioner de la Garza made a motion that appellee's employment be terminated, which motion was carried three to one.

In the case of *Toyah Independent School District v. Pecos-Barstow Independent School District,* 466 S.W.2d 377 (Tex.Civ. App.—San Antonio 1971, no writ), Chief Justice Cadena of this Court, stated the rule to be that: "The effect of holding a statute to be mandatory, as appellees concede our Open Meeting Law to be, is to require at least substantial compliance with its provisions in order to uphold proceedings to which the statute is applicable." In *Toyah, supra,* the Board of School Trustees of Reeves County excluded the public from a meeting in which it deliberated and voted to annex Toyah Independent School District to Pecos-Barstow Independent School District. This action by the Reeves Board was a flagrant violation of our Open Meeting Law.

**440**

In the present case, the presumption is that the deputy county clerk performed his duties correctly in posting the notice as required by our Open Meeting Law. *Fausett v. King,* 470 S.W.2d 770 (Tex.Civ.App.—El Paso 1971, no writ); 47 Tex.Jur.2d *Public Officers,* § 118 (1963). The notice of the November 24, meeting concerning personnel matters of the Road and Bridge Department was not as detailed as it could have been, but under all the circumstances present in this case it would alert a reader to the fact that some action would be taken concerning appellee's job performance. In fact, appellee was alerted and participated in the hearing. The legislative purpose of the Open Meeting Act was that "of assuring that the public has the opportunity to be informed concerning the transactions of public business." Tex.Laws 1967, ch. 271, § 7, at 597. "Substantial compliance" means compliance with the essential requirements, whether of a contract or of a statute. *Wentworth v. Medellin,* 529 S.W.2d 125 (Tex.Civ.App.—San Antonio 1975, no writ). We hold that under the facts of this case substantial compliance with our Open Meeting Law was established as a matter of law.

The judgment of the trial court is reversed and judgment rendered that plaintiff take nothing.