COMMON CAUSE, et al., Appellants,

v.

The METROPOLITAN TRANSIT AUTHORITY, Appellee.

No. 01–83–0465–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 9, 1984.

Rehearing Denied March 1, 1984.

W. Briscoe Swan, Pete Weston, Leon Hirsch, Houston, for appellants.

Jonathan Day, Rex D. Vanmiddlesworth, Mayor, Day & Caldwell, Houston, for appellee.

Before. WARREN, BASS and COHEN, JJ.

## OPINION

WARREN, Justice.

This is a summary judgment case involving the Texas Open Meetings Act.

The appellants filed suit for injunctive and declaratory relief to set aside a resolution of the appellee's Board of Directors, authorizing its general manager to enter into a contract for railroad cars, alleging noncompliance with the Texas Open Meetings Act. The trial court granted the appellee's motion for summary judgment.

The main question on appeal is whether the appellee produced sufficient summary judgment evidence to prove that notice of the two meetings were given as required by the Texas Open Meetings Act. At 2:46 p.m. on February 4, 1983, the appellee filed notice of an emergency meeting on February 7, at which the board was to consider authorization of a contract for the construction, delivery, and maintenance of 130 rail transit vehicles. The meeting was held as scheduled at 8:00 a.m. on February 7, 1983, and a resolution was passed giving the appellee's general manager authority to execute a contract with Hitachi America, Ltd. and C. Itoh (America) Inc. for the rail cars at a cost of not more than $139,301,-870.

On March 18, 1983, the appellants filed suit for injunctive and declaratory relief to void this resolution, citing the 72 hours notice required by the Texas Open Meetings Act, Tex.Rev.Civ.Stat.Ann. art. 6252–17 (Supp.1983) for non-emergency meetings of governmental bodies.

On March 18, 1983, notice was posted that a meeting was scheduled for March 23, 1983, to confirm and ratify the board's earlier action at the February 7th meeting, among other things. In a motion for summary judgment filed by the appellee on April 15, 1983, proof was submitted that notice of this second meeting was placed on the bulletin board of the Metropolitan Transit Authority (MTA) and filed with the county clerk's office at 4:05 p.m. on March 18, 1983, for posting on the courthouse bulletin board. One of the purposes of that board meeting was listed on the notice as follows:

> Recommendation re: Confirming and Ratifying Authorization for the General Manager to Award the Rail Car Contract to C. Itoh & Co. (America) Inc. and Hitachi America, Ltd. with the Garrett Propulsion System.

The appellee moved for summary judgment on the premise that even if the board action taken on February 7th was voidable because of failure to comply with these statutory public notice provisions, the board's subsequent meeting on March 23rd to confirm and ratify the earlier resolution was properly noticed, and therefore, was a valid governmental action.

In one point of error, the appellants contend that the court erred in granting the summary judgment because:

(1) There were procedural deficiencies in the motion for summary judgment;

(2) both meetings violated the Texas Open Meetings Act;

(3) the invalid action taken at the first meeting could not be ratified at the second meeting;

(4) the board's action regarding the contract constituted an attempt to deceive the public;

(5) Metro violated the posting requirements of its own act; and

(6) substantial compliance is inapplicable to this Act.

The appellee contends that the summary judgment evidence established that on March 23, 1983, at a duly noticed open meeting, Metro's board of directors authorized Metro to enter into a rail car contract and that it entered into that contract on March 31, 1983.

We will only discuss the appellants' contentions that both meetings were held in violation of the Texas Open Meetings Act because we are of the opinion that the appellee failed to establish as a matter of

law that it complied with the notice provisions of the Texas Open Meetings Act.

The relevant section of the appellee's enabling statute and the general provisions of the Texas Open Meetings Act art. 6252–17, are as follows:

(h) Notice of a meeting must be posted in a place readily accessible to the general public at all times for at least 72 hours preceding the scheduled time of the meeting, except that notice of a meeting of a state board, commission, department, or officer having statewide jurisdiction, other than the Industrial Accident Board or the governing board of an institution of higher education, must be posted by the Secretary of State for at least seven days preceding the day of the meeting. In case of emergency or urgent public necessity, which shall be expressed in the notice, it shall be sufficient if the notice is posted two hours before the meeting is convened. Provided further, that where a meeting has been called with notice thereof posted in accordance with this subsection, additional subjects may be added to the agenda for such meeting by posting a supplemental notice, in which the emergency or urgent public necessity requiring consideration of such additional subjects is expressed. In the event of an emergency meeting, or in the event any subject is added to the agenda in a supplemental notice posted for a meeting other than an emergency meeting, it shall be sufficient if the notice or supplemental notice is posted two hours before the meeting is convened, and the presiding officer or the member calling such emergency meeting or posting supplemental notice to the agenda for any other meeting shall, if request therefor containing all pertinent information has previously been filed at the headquarters of the governmental body, give notice by telephone or telegraph to any news media requesting such notice and consenting to pay any and all expenses incurred by the governmental body in providing such special notice. The notice provisions for legislative committee meetings shall be

as provided by the rules of the house and senate. (Tex.Rev.Civ.Stat.Ann. art. 6252–17, Sec. 3A).

Before the 1975 amendment, § 3A(h) read:

(h) Notice of a meeting must be posted for at least 72 hours preceding the day of the meeting . . . .

In *Lipscomb Independent School District v. County School Trustees*, 498 S.W.2d 364 (Tex.Civ.App.—Amarillo 1973, writ ref'd n.r.e.) the court held that a notice posted at 4:30 to 5:00 p.m., Friday, in a courthouse which was locked over the weekend, giving notice of a Tuesday morning meeting, substantially complied with the law requiring the notice to be posted on a bulletin board convenient to the public in the county courthouse for at least 72 hours preceding the meeting. The court noted that the statute did not require that the notice be accessible to the public at all times during the 3-day period, nor did the statute exclude Saturdays and Sundays from the 3-day period.

In Tex.Atty.Gen.Op. H–419 (1974), the Attorney General criticized the *Lipscomb* opinion and predicted that the Supreme Court of Texas would hold otherwise if it were squarely confronted with the notice question decided by *Lipscomb*.

In 1975, the Texas legislature amended art. 6252–17, § 3A(h) to read as follows:

(h) Notice of a meeting must be posted in a place *readily accessible to the general public at all times,* for at least 72 hours preceding the scheduled time of the meeting . . . .

Therefore, any judicial construction of the pre-1975 Act pertaining to art. 6252–17, § 3A(h) must be considered in light of the 1975 amendment to the Act.

It was incumbent upon the appellee, if it was to prevail at the summary judgment hearing, to negate the appellants' contention that the meetings were voidable because they were in violation of the Texas Open Meetings Act. Its summary judgment proof failed to do that.

There is no dispute that the February 7th meeting was held less than 72 hours after notice was given, and there was no evidence showing that the meeting was an emergency meeting.

Although the March 23rd meeting was held more than 72 hours after notice was posted, there were no facts adduced showing that the required notices were posted in a place *readily accessible to the general public at all times for at least 72 hours preceding the scheduled time of the meeting,* and there was no evidence showing that the March 23rd meeting was of an emergency nature.

The appellee contends that even though it may not have strictly complied with the Act, it did substantially comply with it. We agree that the greater weight of Texas authority holds that only substantial compliance is required; *McConnell v. Alamo Heights Ind. Sch. Dist.,* 576 S.W.2d 470 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.); *Stelzer v. Huddleston,* 526 S.W.2d 710 (Tex.Civ.App.—Tyler 1975, writ dism'd); *Coates v. Windham,* 613 S.W.2d 572 (Tex.Civ.App.—Austin 1981, no writ); contra: *Cameron County Good Government League v. Ramon,* 619 S.W.2d 224 (Tex.Civ.App.—Beaumont 1981, writ ref'd n.r.e.) But except in a rare case, the question of whether there was substantial compliance with the Act is a fact issue; and, in the absence of a waiver or an admission of the nonmovant, cannot be decided by summary judgment.

The judgment is reversed and the cause remanded for trial.