**George THORNTON, Joe Davenport and Glenn Ellerd, Appellants,**

**v.**

**SMITH COUNTY, Texas, and Tyler Pipe Industries of Texas, Inc., Appellees.**

**No. 12–83–0027–CV.**

Court of Appeals of Texas, Tyler.

May 9, 1985.

Allan Jackson, Tyler, for appellants.

Gene Caldwell, Bain, Files, Allen & Caldwell, Tyler, for appellees.

COLLEY, Justice.

George Thornton, Joe Davenport and Glenn Ellerd, plaintiffs/appellants (Landowners), appeal from a take-nothing judgment rendered in a bench trial in their suit against Smith County, County Judge Bob Hayes, Smith County's four commissioners and Tyler Pipe Industries of Texas, Inc. (Tyler Pipe), defendants/appellees.

Landowners sought relief under the Uniform Declaratory Judgment Act[1] and Texas Revised Civil Statutes, art. 6252–17 (Vernon Supp.1985), popularly known as the Open Meetings Act.

Specifically, Landowners sought judgment declaring illegal and void certain orders made by the commissioners court on August 24th and 31st, 1981. The August 24th order closed a segment of County Road 431. The August 31st order authorized the county judge to execute a deed on behalf of Smith County to Tyler Pipe of such segment. Additionally, Landowners sought cancellation of said deed, and a permanent injunction, enjoining the county from closing such road segment, and enjoining Tyler Pipe from occupying or obstructing the same.

Landowners complain that the evidence is factually insufficient to support the trial court's express finding that the commissioners court substantially complied with the provisions of the Open Meetings Act, that the trial court erred in concluding that substantial, rather than literal, compliance by a governmental body with the notice provisions of the Open Meetings Act is sufficient, and that the trial court erred in denying Landowners' prayer for injunctive relief. We reverse and render in part, and reverse and remand with instructions in part.

We summarize the facts giving rise to this dispute. Sometime before August 3, 1981, following informal meetings of various county officials and representatives of Tyler Pipe, a "freeholders'" petition to close a portion of County Road 431 (Jim Hogg Road) was caused to be prepared and circulated to members of the public. The petition was dated August 3, 1981, and bore the signatures of thirty-nine individuals at the time it was posted in apparent conformity with the requirements of former art. 6705,[2] which read:

The commissioners court shall in no instance grant an order on an application for any new road, or to discontinue an original one, or to alter or change the course of a public road, unless the applicants have given at least twenty days notice by written advertisement of their intended application, posted up at the court house door of the county and at two other public places in the vicinity of the route of such road. All such applications shall be by petition to the commissioners court, signed by at least eight freeholders in the precinct in which such road is desired to be made or discontinued, specifying in such petition the beginning and termination of such road, provided an application to alter or change a road need not be signed by more than one freeholder of the precinct.

On August 3, 1981, the commissioners court, in special session, voted unanimously to conduct a public hearing on such petition at 10:00 a.m. on Monday, August 24, 1981. On Friday, August 21, 1981, at 9:00 a.m., notice of the agenda for the meeting of August 24, 1981, was posted on a bulletin board in the hallway of the first floor inside the Smith County Courthouse. The "Regular Agenda," item eight, on that notice reads: "Conduct public hearing on closing a portion of the Jim Hogg Road (County Rd. 431) adjoining part of Tyler Pipe Foundry Property [sic]." Corrected partial minutes of the August 24th meeting reveal that while the votes of the members

1.  Texas Revised Civil Statutes art. 2524–1 (Vernon 1965).

2.  Acts 1884, 18th Leg. 1st called session, p. 20, 1884 Tex.Gen.Laws vol. 9, p. 553, repealed by Acts 1983, 68th Leg. ch. 288 § 1, 1983 Tex.Gen. Laws 1431, 1433.

of the commissioners court were not recorded, a "motion," not quoted in the minutes, was made "on closing a portion of Jim Hogg Road adjoining a part of the Tyler Pipe & Foundry property," the motion was seconded, and carried by affirmative vote of at least a majority of the court. County Judge Bob H. Hayes testified at trial, that at the August 24th meeting, the motion to close the road segment was adopted by unanimous vote.

On Tuesday, August 28, 1981, at 10:00 a.m. notice of the agenda of a special session of the Smith County Commissioners Court to be held on August 31, 1981, at 10:00 a.m. was posted on a bulletin board located in the hallway of the first floor of the courthouse. Item 6 of the "Regular Agenda" for the August 31, 1981, session read: "Authorize County Judge to execute a Deed [sic] to Tyler Pipe Industries, transferring Smith County's interest in the portion of County Road 431 that was closed by the Commissioners Court on August 24, 1981." The corrected partial minutes of the August 31st meeting reflect that by unanimous vote, the commissioners court authorized the county judge to execute a "quit-claim deed" to Tyler Pipe covering that portion of County Road 431 closed by order of the commissioners court on August 24, 1981. Judge Hayes, acting pursuant to such order, executed a quit-claim deed to Tyler Pipe on October 9, 1981, quit-claiming to Tyler Pipe "all the undivided rights, titles, and interest of Smith County and the public" in a portion of County Road 431 which consisted of a tract some 80 feet in width and 1,825 feet in length, containing an area of approximately 3.35 acres.

The undisputed evidence before us reflects that the Smith County Courthouse is closed on Saturdays and Sundays. The evidence further shows that the main entrances to the first floor of the Smith County Courthouse are locked between the hours of 7:00 and 8:30 p.m. on Fridays, and

remain locked until 6:00 or 6:30 a.m. on the Monday following. Judge Hayes testified that after-hours entry into the building by the public can be obtained through the Sheriff's office which is located in the basement of the courthouse. However, Judge Hayes candidly admitted that public access to the first floor of the courthouse through the Sheriff's office has been limited on weekends. He further testified that the only time during which an agenda posted on Friday morning was "readily accessible and easily accessible in the manner in which a person would have a right to expect to walk in and see a public notice" before a Monday morning meeting of the Commissioners Court would be between the hours of posting on Friday until 8:30 p.m. on Friday night, and between the hours of 6:00 or 6:30 a.m. on Monday until the time of the meeting.

In this direct [3] attack on the orders of the commissioners court, Landowners seek to void the August 24th and August 31st orders of the commissioners court on the ground that the written notices required by TEX.REV.CIV.STAT.ANN. art. 6252–17 Section 3A(h) (Vernon Supp.1985)[4] were not posted in substantial or literal compliance therewith. Subsection (h) reads in pertinent part:

Notice of a meeting must be posted in a place *readily accessible to the general public at all times for at least 72 hours* preceding the scheduled time of the meeting.... (Emphasis added.)

█ In this case, the notices of the two meetings were posted in a place readily accessible to the public; however, the real issue here is whether the language used by the legislature in the current version of Subsection (h) is so specific in requiring that the notice be readily accessible to the public "at all times for at least 72 hours preceding the scheduled time of the meeting" as to preclude the application thereto of the judicially fashioned rule of "substan-

3. See *Scott v. Graham,* 156 Tex. 97, 292 S.W.2d 324, 328 (1956); *Mobil Oil Corp. v. Matagorda County Drainage District,* 597 S.W.2d 910, 911–912 (Tex.1980).

4. Hereinafter referred to as the Open Meetings Act.

tial compliance." Tyler Pipe argues that the evidence sustains the trial court's finding that the notices were posted in substantial compliance with the Open Meetings Act. County argues that the substantial evidence rule applies here, and that the evidence produced at trial reasonably supports the orders of the commissioners court, and thus the judgment below should not be disturbed. County also contends that in cases involving the notice requirements of the Open Meetings Act, such requirements are met when there is substantial compliance. That is, that the time and manner of posting the notice realistically satisfies the purposes of the statute, citing one of our cases, *Stelzer v. Huddleston*, 526 S.W.2d 710 (Tex.Civ.App.—Tyler 1975, writ dism'd). The question presented is not whether the *action* taken by the commissioners court is supported by substantial evidence, but rather should the actions of the commissioners court be voided because of the claimed violations of the requirements of Subsection (h) of Section 3A of the Open Meetings Act. In *Stelzer v. Huddleston, supra*, Judge Moore, writing for this Court, stated that the provisions of former Subsection 3A(h)[5] of art. 6252–17, although mandatory, were subject to the substantial compliance rule, citing *inter alia, Lipscomb Independent School District v. County School Trustees*, 498 S.W.2d 364 (Tex.Civ.App.—Amarillo 1973, writ ref'd n.r.e.). The pertinent language of Subsection (h) confronting this court in *Stelzer* was, "Notice of a meeting *must be posted for at least 72 hours* preceding the *day* of the meeting . . . . . (Emphasis added.) The *Lipscomb* court was dealing with the original version of Subsection (f) of art. 6252–17.[6] In pertinent part, the original version read: "Notice of a meeting must be posted for at least the three days preceding

the day of the meeting." The Amarillo court in *Lipscomb* held that notice of the meeting of the County Board of Trustees. set for Tuesday, May 26, 1970, which was posted on Friday, May 22, 1970, inside the courthouse at about 5:00 p.m. constituted a substantial compliance with the notice requirements of the Open Meetings Act. That court so held in the face of evidence that all entrances to the courthouse were locked between 5:00 and 6:00 p.m. on May 22, and remained locked Saturday and Sunday the 23rd and 24th days of May. Both *Stelzer* and *Lipscomb*[7] are inapposite here because the language of Subsection (h) was drastically changed by the 1975 amendments. The question of whether conduct of a governmental body constitutes substantial compliance with such notice provisions is a mixed question of law and fact and must be determined on a case-by-case analysis of the language of the statute and the evidence before the court. In *McConnell v. Alamo Heights ISD*, 576 S.W.2d 470, 474 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.), the court applied the substantial compliance rule to the notice requirements of the Open Meetings Act as did that court in *Santos v. Guerra*, 570 S.W.2d 437, 439 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.). Again, the San Antonio Court in its much cited opinion in *Toyah ISD v. Pecos-Barstow ISD*, 466 S.W.2d 377 (Tex.Civ.App.—San Antonio 1971, no writ), held that governmental bodies must *substantially comply* with the mandatory provisions of Section 3A of the Open Meetings Act. "Substantial compliance," with the notice provisions of the Open Meetings Act, has been held to mean "compliance with the essential requirements" thereof. *Toyah ISD v. Pecos-Barstow ISD, supra.*[8] Our court in *Stelzer v.*

---

5. Acts 1973, 63rd Leg. ch. 31 § 3, 1973 Tex.Gen. Laws 47, 48, amended by Acts 1975, 64th Leg. ch. 367 § 1, 1975 Tex.Gen.Laws 968 (present wording).

6. Acts 1969, 61st Leg. ch. 227 § 1, 1969 Tex.Gen. Laws 674, amended by Acts 1973, 63rd Leg. ch. 31, § 3, 1973 Tex.Gen.Laws 47, 48, Acts 1975, 64th Leg. ch. 367 § 1, 1975 Tex.Gen.Laws 968.

7. The *Lipscomb* court observed that the notice provisions of Section 3A made no requirement that the notice be accessible to the public during the entire three-day period.

8. The San Antonio court concluded that the notice provisions of the Open Meetings Act are mandatory and cites *Lower Colorado River Authority v. City of San Marcos*, 523 S.W.2d 641, 646 (Tex.1975).

*Huddleston, supra,* wrote that substantial compliance is achieved when the action of the governmental body "provides realistic fulfillment of the purpose for which the mandate was incorporated in the statute," *Id.* 713, and that where the "objective sought by the 'notice' provision has been fully attained," the mandate of the statute has been satisfied. In *Cameron County Good Government League v. Ramon,* 619 S.W.2d 224, 231 (Tex.Civ.App.—Beaumont 1981, writ ref'd n.r.e.), the court, by way of dictum, stated that literal, not substantial, compliance with the notice requirements of Section 3A(h) was necessary. We agree with the Beaumont Court.

■ In our review of the legislative history of the notice requirements of the Open Meetings Act, we note, as did the Beaumont Court, that the revisions made by the legislature since 1969 strongly suggest that the legislature intended to strengthen the notice requirement of the act. In the original act,[9] Section 3A(f) merely required, "Notice of a meeting must be posted for at least the three days preceding the day of the meeting." Section 3A(h) of the 1973 amendments[10] provided that "[n]otice of a meeting must be posted for at least 72 hours preceding the day of the meeting." The current language of Subsection (h) of Section 3A further requires that the notice "must be posted in a place readily accessible to the general public at all times for at least 72 hours preceding the scheduled time of the meeting." Such language leaves little, if any, room for application of the rule of substantial compliance. The difficulty in applying such rule here is obvious. The language of Subsection (h) is concise, specific and unambiguous. Our duty is to apply the same as written without adding to, or taking away from the meaning of the precise language embodied in the statute. Although we may be of the opinion that the requirements of the notice are too restrictive, nevertheless we are not empowered to legislate a change when the import of the statute is plain and unambiguous. Such

prerogative rests with the legislature. Hence we have concluded in this case that the trial court's finding that the commissioners court substantially complied with the notice provisions of Section 3A(h) for their meetings of August 24th and August 31, 1981, is immaterial. We hold that the commissioners court was bound to comply literally with the provisions of Section 3A(h). This it did not do. We sustain Landowners' fifth point.

Landowners by their seventh point contend that the commissioners court was without power or authority to order the "closing" of the segment of Jim Hogg Road because such road was a public road at the time landowners purchased their lands abutting the same, and that the trial court erred in refusing to enjoin Smith County from closing such portion of the road and to enjoin Tyler Pipe from obstructing the same.

■ In support of their argument on the law, Landowners cite, among other cases, *Compton v. Thacker,* 474 S.W.2d 570 (Tex. Civ.App.—Dallas 1971, writ ref'd n.r.e.). From our reading of *Compton, supra,* as well as *Moore v. Commissioners Court of McCulloch County,* 239 S.W.2d 119 (Tex. Civ.App.—Austin 1932, writ ref'd), and *Meyer v. Galveston H. & S.A. Ry. Co.,* 50 S.W.2d 268, 273 (Tex.Comm'n App.1932, holding approved), we have concluded that the order of the commissioners court closing the segment of the road was void. This is not to say, however, that the commissioners court may not by appropriate orders, based on substantial evidence, reasonably supporting the same, discontinue county road 431 or otherwise alter or re-route said road, or any portion thereof agreeable to the provisions of the County Road and Bridge Act, TEX.REV.CIV.STAT.ANN. art. 6702–1, Sections 2.001, et seq. (Vernon Supp.1985). However, the commissioners court does not possess the power or authority to take any action to obstruct Landowners' free and uninterrupted passage over, along and across said road or any

9. See footnote 6.

10. See footnote 5.

segment thereof. *Moore v. Commissioners Court, supra,* at 121. We sustain Landowners' seventh point.

We need not address Landowner's points 1, 2, 3, 4 and 6 and decline to do so.

We sever out those portions of the judgment below denying the declaratory relief sought by Landowners, and here render judgment, declaring the orders of the Smith County Commissioners Court dated August 24, 1981, and August 31, 1981, closing the segment of Jim Hogg Road, and authorizing Honorable Bob H. Hayes, County Judge of Smith County, to execute a deed to Tyler Pipe to be null and void. We cancel the quit-claim deed from Smith County to Tyler Pipe Industries of Texas, Inc., dated October 9, 1981, and shown to be recorded in Vol. 1909, pp. 393–395 of the Deed Records of Smith County, Texas. We reverse the judgment below insofar as it denied Landowners the injunctive relief sought, and remand that portion of this cause with instructions that the trial court forthwith order the issuance of a permanent injunction enjoining Smith County from closing any portion of Jim Hogg Road (County Road 431) located between the south right-of-way line of County Road 471 and the north right-of-way line of County Road 492 (Ann Campbell Road), and enjoining Tyler Pipe Industries of Texas, Inc. from occupying or placing obstructions upon any portion of Jim Hogg Road located between the south right-of-way line of County Road 471 and the north right-of-way line of County Road 492 (Ann Campbell Road). All costs herein are assessed against appellees, Smith County and Tyler Pipe Industries of Texas, Inc., jointly and severally.

McKAY, Justice, dissenting.

I respectfully dissent from the opinion of the majority. A sketch of the area in question follows:

The trial court made and filed findings of fact and a conclusion of law as follows:

## FINDINGS OF FACT

1. The Commissioner's Court of Smith County, Texas, substantially complied with procedures for the discontin-

uance of the segment of the road in question.

2. The Commissioner's Court of Smith County, Texas substantially complied with the Open Meetings Law.

3. There was no fraud involved in the actions of the Commissioner's Court of Smith County, Texas, in connection with the discontinuance of the segment of the road in question or its conveyance.

4. There was no abuse of discretion by the Commissioner's Court of Smith County, Texas, in the discontinuance of the road segment in question or its conveyance.

5. The orders of the Smith County Commissioner's Court concerning the discontinuance of the road segment in question and the conveyance are regular on their face.

The one conclusion of law was: The Plaintiffs are not entitled to the relief sought by their petition.

In *Stedman v. Georgetown Savings and Loan Association,* 595 S.W.2d 486, 488 (Tex.1979), the Supreme Court, writing on whether there was evidence to support the findings of the lower courts, held, "It is fundamental that these fact findings must be upheld by us if there is more than a scintilla of evidence in support thereof."

In *Ray v. Farmers' State Bank of Hart,* 576 S.W.2d 607, 609 (Tex.1979), Judge Pope wrote, "The judgment of a trial court will not be set aside if there is any evidence of a probative nature to support it, and a court of civil appeals cannot substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings."

Appellants contend in their first point that the trial court's finding that the Smith County Commissioners Court substantially complied with the Open Meetings Law is against the great weight and preponderance of the evidence because the evidence demonstrates that the Commissioners Court failed to post the agenda for their meetings of August 24 and August 31,

1981, in a place readily accessible to the general public at all times for at least 72 hours preceding the scheduled meeting.

Appellants rely upon Sec. 3A(h) of Article 6252–17, TEX.REV.CIV.STAT.ANN.[11] (Supp.1985), which provides in part:

Notice of a meeting must be posted in a place readily accessible to the general public at all times for at least 72 hours preceding the scheduled time of the meeting....

The record indicates that the agenda for meetings of the Commissioners Court of Smith County is usually posted on Friday preceding the meeting on Monday, and the agenda is posted on a bulletin board on the first floor of the County Courthouse. The doors to the first floor of the courthouse are locked between 7:00 and 8:30 p.m. on Friday nights and are not unlocked until about 6:00 or 6:30 a.m. Monday morning. The above procedure of posting notices on Friday for meetings on Monday was followed for both the August 3, 1981, meeting and the August 24, 1981, meeting.

The minutes of the Commissioners Court of the meeting of August 3, 1981, indicate that a request for a public hearing for the purpose of closing a portion of County Road # 431 as noted on attached plat was item 5 on the regular agenda. A freeholders' petition to close a portion of Jim Hogg road dated August 3, 1981, and signed by some 39 persons was filed with the County Clerk and it was presented to the Commissioners Court. Commissioner Ammons testified the matter had been discussed by the Commissioners "over a long period of time," and that two notices of the meeting to consider it were posted by the County Engineer and a man named Sid Emmons in the vicinity of the segment of the road to be closed, and that the petition was posted at three places for twenty days prior to the action of the Commissioners Court on August 24, 1981. The freeholders' petition read as follows:

TO THE COMMISSIONERS' COURT OF SMITH COUNTY, TEXAS:

**11.** Articles cited are Texas Revised Civil Statutes Annotated (Vernon) unless otherwise indicated.

The undersigned freeholders of Precinct 4 in Smith County, Texas, hereby petition the Commissioners' Court to enter an order discontinuing and closing Jim Hogg Rd # 431 from a point 1,019 feet south of intersection of county road # 471 and Jim Hogg Rd. # 431, and intersection of Jim Hogg Rd. # 431 and Ann Campbell Rd. # 492. The section to be closed is plotted with x's on attached plat.

This application will be posted not later than August 3, 1981, at the Smith County Courthouse and at two (2) other public places in the vicinity of Jim Hogg Rd. # 431, and will remain posted for twenty (20) days.

Dated August 3, 1981.

The record indicates that the posting of the petition was considered by the Commissioners Court at the August 3, 1981, meeting which was open to the public. The record also discloses that the Commissioners had informally discussed the closing of the road several times but that formal action was taken by them only on August 24, 1981, after the posting of the freeholders' petition on August 3, 1981.

I agree with the trial court finding that the Commissioners Court substantially complied with the provisions of the Open meetings Act, and that they did not abuse their discretion in the discontinuance of the segment of the road in issue here. I would hold that such findings by the trial court are not against the great weight and preponderance of the evidence.

In *McConnell v. Alamo Heights Independent School District,* 576 S.W.2d 470, 474 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.), the court, in an opinion written after the effective date of the 1975 amendment of Sec. 3A(h) of art. 6252–17, held, "The law appears settled that the notice provisions of the Texas Open Meetings Act are subject to the substantial compliance rule."

The *McConnell* court cited *Santos v. Guerra,* 570 S.W.2d 437 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.), a prior case by that court, holding that the substantial compliance rule was applicable to meeting the requirements of the Open Meetings Act.

*Common Cause v. The Metropolitan Transit Authority,* 666 S.W.2d 610, 613 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.), was a summary judgment case involving the Texas Open Meetings Act. Appellant there filed suit for injunctive and declaratory relief to set aside a resolution of appellee's board of directors authorizing its general manager to enter into a contract for railroad cars, alleging noncompliance with the Texas Open Meetings Act. The trial court granted the appellee's motion for summary judgment. The question on appeal was whether appellee produced sufficient summary judgment evidence to prove that notice of its two meetings were given as required by art. 6252–17, Sec. 3A(h). The Court of Appeals reversed and remanded the case holding that even though the meeting of the board was held more than 72 hours after the notice was posted, "There were no facts adduced showing that the required notices were posted in a place *readily accessible to the general public at all times for at least 72 hours preceding the scheduled time of the meeting ....*" (Emphasis added.)

The court in *Common Cause* further said, "We agree that the greater weight of Texas authority holds that only substantial compliance is required. [citing cases] But except in a rare case, the question of whether there was substantial compliance with the Act is a fact issue; and, in the absence of a waiver or an admission of the nonmovant, cannot be decided by summary judgment." (Emphasis added.)

*Holloway v. County of Matagorda,* 667 S.W.2d 324, 329 (Tex.App.—Corpus Christi 1984), was a condemnation case in which appellants claimed that the condemnation proceeding was voidable "because of the failure of the County's posted notice to meet the time and content requirements of the Open Meetings Act." There was no dispute that the notice was posted at least 72 hours preceding the scheduled time of the meeting. The court disregarded appellant's ar-

gument that the effective time of notice was substantially reduced because the courthouse where the notice was posted was closed on Saturday and Sunday, citing *Lipscomb Independent School District v. County School Trustees of Lipscomb County,* 498 S.W.2d 364 (Tex.Civ.App.— Amarillo 1973, writ ref'd n.r.e.), and held that appellants had presented no evidence that anyone who desired to attend the meeting failed to attend, nor presented any evidence that there was an intent to close the meeting to the public.

The Supreme Court on January 30, 1985, decided on *Holloway v. County of Matagorda,* 686 S.W.2d 101 (Tex.1985) and held that "complaints as to procedural irregularities in a condemnation case 'must be preserved at the trial level by motion, exception, objection, plea in abatement, or some other vehicle,'" and since the Holloways never objected nor called the alleged lack of proper notice to the trial court's attention they waived their right to complain on appeal that the county failed to comply with the notice requirements of the Open Meetings Act.

The effect of the Supreme Court opinion was that the question of compliance with the Open Meetings Act was not before the Court of Appeals in *Holloway,* but the court then affirmed the judgment.

The foregoing cited cases seem to contain the latest expression of the Texas courts on the Open Meetings Act. The weight of authority seems to be that substantial compliance with the Open Meetings Act is sufficient. *See Stelzer v. Huddleston,* 526 S.W.2d 710, 713 (Tex.Civ.App.— Tyler 1975, writ dism'd). I would hold that the posting of the notice for 72 hours before the meeting of the Commissioners Court of Smith County, together with the freeholders' petition which was posted for twenty-one days in three public places, two in the vicinity of the road to be closed, was substantial compliance with the Open Meetings Act and not against the great weight and preponderance of the evidence.

Appellants in their second, third, fourth and fifth points contend the finding of the

trial court that the Commissioners Court substantially complied with the Open Meetings Act is against the great weight and preponderance of the evidence because the evidence demonstrates that (2) the Commissioners Court failed to consider or certify the Petition of Freeholders at any meeting of the Commissioners Court open to the public; (3) the Commissioners Court considered closing the subject portion of Jim Hogg road in discussions and meetings not open to the public; and (4) the Commissioners Court considered its agreement to deed the subject portion of Jim Hogg road to Tyler Pipe, and the compensation it would receive therefor, and reached that agreement in discussion and meetings not open to the public.

To hold that public officials such as County Commissioners and County Judges could not discuss informally among themselves matters which are pending or which may be pending before them would hamper them in carrying out their legal duties. "No principle of law is better settled than that acts of discretion and findings of fact on the part of public officers to which such power is confided, including Commissioners Courts, will not be reviewed on appeal." *Williams v. Castleman,* 112 Tex. 193, 247 S.W. 263, 269 (1922); *Cameron County Good Government League v. Ramon,* 619 S.W.2d 224, 230 (Tex.Civ.App.—Beaumont 1981, writ ref'd n.r.e.); *Live Oak County v. Lower Nueces River Water Supply District,* 446 S.W.2d 14, 22 (Tex.Civ.App.— Beaumont 1969, writ ref'd n.r.e.). I would overrule points two, three, four and five.

My brethren have held that the order of the commissioners court discontinuing the segment of the road was void. I disagree.

Article 6703, TEX.REV.CIV.STAT.ANN. (Vernon 1960), provided (until repealed, effective September 1, 1983): [12]

The commissioners court shall order the laying out and opening of public roads when necessary, and discontinue or alter any road whenever it shall be deemed expedient. ... No part of a

12. All articles cited are Texas Revised Civil Statutes unless otherwise noted.

public road shall be discontinued until a new road is first built connecting the parts not discontinued....

The new County Road and Bridge Act, effective September 1, 1983, Article 6702–1, Section 2.002 (court authority) provides:

(a) The commissioners court shall:

(1) order that public roads be laid out, opened, discontinued, or altered when necessary except that:

(A) a public road may not be discontinued until a new road is ready to replace it;

The record discloses, and the plat set out herein demonstrates, that art. 6703 was complied with when the commissioners court altered or re-routed the road before the segment was discontinued, and the public was not prohibited from using the road, and art. 6705 was complied with by the freeholders' application posted as required at least twenty days at the courthouse door and two public places in the vicinity of the route of the road.

Point of error seven reads as follows:

The District Court erred, in rendering a take-nothing judgment for Plaintiffs, in refusing Plaintiff's requested Finding of Fact No. 13, and requested Conclusions of Law No. 19 and 20, and in denying Plaintiff's Motion to Modify Judgment because neither Defendant, Smith County, Texas, nor Defendant, Tyler Pipe Industries of Texas, Inc., have jurisdiction or authority to deny Plaintiffs access to the subject portion of Jim Hogg Road.

Appellant's seventh point is multifarious. However, it basically complains that neither Smith County nor Tyler Pipe "have jurisdiction or authority to deny plaintiffs access to the subject portion of Jim Hogg Road." Article 6703 and the new article 6702–1, Sec. 2.002 authorize the commissioners court to discontinue or alter public roads.

In the case of *Parkey v. Archer County*, 61 S.W.2d 175, 179 (Tex.Civ.App.—Fort Worth 1933, writ ref'd), the court said:

It is well settled that under the provisions of chapter 2, title 116, Rev. Statutes [Art. 6702, et seq.], the commissioners' court may, upon their own initiative, order the laying out and opening of public roads when necessary and discontinue all or any roads when it shall be deemed expedient. *Robison v. Whaley Farm Corporation*, 120 Tex. 633, 37 S.W.(2d) 714; 21 Tex.Jur., § 43, pp. 568–9.

The majority relies upon *Compton v. Thacker*, 474 S.W.2d 570 (Tex.Civ.App.—Dallas 1971, writ ref'd n.r.e.), and *Moore v. Commissioners Court of McCulloch County*, 239 S.W.2d 119 (Tex.Civ.App.—Austin 1951, writ ref'd). The facts in *Compton v. Thacker*, were entirely different from the case at bar. In *Compton* one of the purposes of the road was access to abutting land, and the court there held that "the statutory power of the commissioners' court to discontinue a county road by formal order is restricted to abandonment by the county of its maintenance as a public highway and does not include the power to deny its use to the owners of property situated on it."

The *Moore* case was also a case involving the closing of a road. Neither *Compton v. Thacker*, nor the *Moore* case are applicable to the facts presented here. Those cases dealt with the closing of a road. This case deals only with the re-routing of a short segment of a county road. The result of the holding of the majority would be that any landowner on a road would be able to control the route of any public road and thereby usurp the authority of the county commissioners. Surely the *Compton* and *Moore* cases are not authority for such a result.

The majority opinion fails to distinguish the facts in the instant case. The record here discloses that there is no landowner on Jim Hogg road who is denied access to the road. The only change for any landowner traveling on road # 431 was that the traveling public would travel on road # 471 on the north side of Tyler Pipe to reach Highway 69 rather than on the east and south side of Tyler Pipe to reach Highway. 69. Access to Highway 69 was not impaired; its route was simply altered, and no

landowner was denied access to any place that he wished to go before the road was re-routed. Every landowner could use the re-routed road free from obstruction or hinderance. There is no evidence of lack of access nor of hardship by any landowner or traveler.

If a commissioners court does not have authority to re-route a short segment of a road, when such action does not deny any landowner the same access for travel as before, then the statutes above quoted are meaningless. The statutes, both art. 6703 and the new article 6702–1, sec. 2.002, authorize the commissioners court to "alter any road whenever it shall be deemed expedient," or "altered when necessary." Under the record I find no merit in appellants' point seven. No property right of appellants has been taken or denied.

I would affirm the judgment of the trial court.